**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**G.K.** * **CIVIL NO. 21-2242**

**v.** * **SECTION: T(2)**

**D.M.** *

**ORDER**

Before the Court is Defendant DM's *Motion to Dismiss* and *Motion for Summary Judgment*.[1] The Plaintiff GK filed responses.[2] For the following reasons, the motions are **DENIED**.

**BACKGROUND**

On September 1, 2019, GK and DM had sex in New Orleans, Louisiana.[3] A few months later, GK "tested positive for HIV."[4] GK maintains that DM was his "only sexual partner…[who] carried a risk of exposure" and who did not provide GK with a negative HIV test.[5] Consequently, GK brought a sexual assault claim against DM in state court. DM subsequently removed the matter to this Court. Generally, GK contends that DM, through affirmative misrepresentations, intentionally misled him about his HIV status in order to convince him to have sex. GK argues that, because his consent came from a reliance on those misrepresentations, it never existed.[6]

---

[1] R. Docs. 8, 35.
[2] R. Doc. 9, 79.
[3] R. Doc. 79 at 6; R. Doc. 35-1 at 3.
[4] R. Doc. 79 at 7.
[5] *Id.*
[6] R. Doc. 79 at 7.

## I. Sexual Assault, Prescription, and Consent

In the present motion, DM asks this Court to dismiss the case for three reasons.[7] First, DM contends GK cannot prove that he is the source of his HIV.[8] DM maintains that, because he is not required to disclose his HIV status to GK, there is no genuine dispute over any material fact.[9] Furthermore, DM argues that the science behind HIV shows it is unlikely that any transmission between the two parties occurred.[10] Second, DM argues in his motion to dismiss that GK's claim is prescribed.[11] DM contends the general, one-year prescription period for delictual actions applies to the case at hand because the three-year period for sexual assault requires "nonconsensual contact."[12] DM maintains that both parties consented. Furthermore, DM argues GK has not properly alleged any vitiation of consent, including fraud.[13] Third, DM maintains that, even if there was an HIV transmission or a misrepresentation, GK's claim still fails because the encounter was otherwise consensual.[14]

GK filed a response, raising four arguments.[15] First, GK contends this motion is "premature" as "the only discovery conducted by the parties thus far consists of initial, unanswered requests for written discovery."[16] GK maintains that, because DM has "refuse[d]" to submit to an

---

[7] R. Doc. 35-1.
[8] *Id.* at 4-5, 33.
[9] *Id.* at 33-34.
[10] *Id.* at 4-7.
[11] R. Doc. 8-1 at 10-11.
[12] *Id.* at 10.
[13] *Id.* at 13.
[14] R. Doc. 35-1 at 10.
[15] R. Doc. 79.
[16] *Id.* at 8.

HIV test, this case of intentional HIV exposure cannot proceed at this time.[17] Second, GK contends that the Louisiana law DM challenges is not the only vehicle for GK's claims. GK maintains he may bring his claim under La. R.S. § 46:2184 and "general principles of tort law" involving fraudulent misrepresentation.[18] Further, GK identifies a Louisiana third-degree rape statute as a possible basis for his claim.[19]

Third, GK maintains the three-year prescriptive period for sexual assault applies. Per Louisiana Civil Code Art. 3496.2, a "delictual action against a person for any act of sexual assault…is subject to a liberative prescription of three years." GK argues his claim against DM satisfies La. R.S. § 46:2184 because the statute is expansive and includes a range of sexual encounters, including intentional HIV exposure and third-degree rape.[20] Fourth, GK asserts that, because DM lied about his HIV status, he committed fraud and vitiated GK's consent, rendering his conduct unlawful.[21]

## II. Louisiana Revised Statute § 14:43.5

Additionally, DM argues that GK's claim must fail because it is based on a Louisiana law, § 14:43.5, that is "facially unconstitutional" and violates the First and Fourteenth Amendments.[22] Specifically, DM raises the right to free speech, the equal protection clause, and the right of

---

[17] *Id.*
[18] *Id.* at 13.
[19] *Id.* at 17.
[20] R. Doc. 9 at 13-14.
[21] R. Doc. 9 at 2-3.
[22] *Id.* at 2. DM noticed the Attorney General of Louisiana per Federal Rule of Civil Procedure 5.1. (R. Doc. 35-2). In that notice, DM contends "La. R.S. 14:43.5 unconstitutionally infringes on the rights of free speech, of privacy and intimacy, or of equal protection that are guaranteed by the First and Fourteenth Amendments of the United States Constitution and by the Louisiana Constitution." *Id.* at 1.

privacy. As an initial matter, DM maintains he has standing to bring this challenge. DM contends this lawsuit will threaten his property and liberty interests by subjecting him to civil and criminal liability, and such harms are traceable to his sexual conduct and may be remedied by action of this Court.[23] DM also argues this challenge is timely because this is a "speech-based cause of action," and "[s]peech regulations may be facially challenged at the outset" of a case.[24]

DM asserts that § 14:43.5 violates the Constitution in three ways.[25] One, DM asserts the law compels speech and, in doing so, constitutes a content-based regulation that must pass strict scrutiny.[26] Two, DM maintains that such a speech requirement burdens only certain persons, namely those living with HIV, and thus violates the equal protection clause.[27] Consequently, the State of Louisiana must have a legitimate basis for the law. Three, DM contends the Louisiana law "impermissibly regulates" bedroom intimacy in violation of Supreme Court precedent like *Lawrence* and *Obergefell*.[28] Therefore, the State must have a vital interest in applying the law. On the other hand, DM argues, Louisiana's interest in the regulation of HIV is minimal because HIV is no longer a fatal illness.[29] Consequently, DM maintains "compelling speech" from people with HIV "is flagrantly unconstitutional because speech is being compelled without any possible benefit" to the State.[30]

---

[23] *Id.* at 9.
[24] *Id.* at 10.
[25] DM asserts *Shelley v. Kramer* to argue that allowing this lawsuit would constitute a state action that compels speech and violates the Constitution. *Id.* at 11-12.
[26] *Id.* at 15-16.
[27] *Id.* at 12-14.
[28] *Id.* at 22-23.
[29] *Id*. at 24.
[30] *Id.* at 32-33.

GK disagrees for three reasons.[31] First, GK contends DM lacks standing to challenge § 14:43.5 because he does not meet the injury-in-fact requirement.[32] GK argues that, because DM has not shown that he has HIV, he cannot prove he has suffered or will suffer an injury, or that the statute even applies to him.[33] Relatedly, GK asserts that any standing based on a future criminal charge is speculative.[34] Second, GK maintains DM was not compelled to speak by the Louisiana law, but instead affirmatively and fraudulently misrepresented his HIV status to GK on his own accord.[35] GK argues that the law does not compel speech, but merely regulates conduct in a permissible manner.[36] Third, GK argues that, even if DM had standing to challenge the law, the State of Louisiana has a compelling interest in preventing the spread of HIV.[37]

The Louisiana Attorney General also filed a response.[38] Generally, the Attorney General contends DM lacks any "injury that is certainly impending."[39] The Attorney General notes that § 14:43.5 is a criminal statute that has not been directly pled by GK. Additionally, the Attorney General maintains that any injury based on future criminal charges is speculative as "no criminal charges are pending against" DM.[40] Finally, the Attorney General argues § 14:43.5 regulates conduct, namely the intentional exposure of HIV through sexual contact, not speech.[41]

---

[31] R. Doc. 79.
[32] *Id.* at 18.
[33] *Id.* at 18-19.
[34] *Id*. at 20.
[35] *Id.* at 7, 20-21.
[36] *Id.* at 21-22.
[37] *Id.* at 7.
[38] R. Doc. 64-1.
[39] *Id.* at 3.
[40] *Id.* at 4.
[41] *Id.* at 7.

## LAW & ANALYSIS

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[42] The court must find "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law."[43] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and all reasonable inferences are drawn in favor of the nonmoving party. [44] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[45] However, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[46]

### I. Sexual Assault and Prescription

Under Louisiana Civil Code Article 3496.2, a "delictual action against a person for any act of sexual assault, as defined in R.S. 46:2184, is subject to a liberative prescription of three years."

[42] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).
[43] *Voelkel McWilliams Const., LLC v. 84 Lumber Co*., 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc*., 882 F.2d 993, 996 (5th Cir. 1989)).
[44] *Celotex*, 477 U.S. at 323.
[45] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[46] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Per Louisiana Revised Statute § 46:2184(24)(a), sexual assault, or "[s]ex offense[s]," includes a wide range of unlawful acts like rape, sexual battery, and intentional exposure to HIV.

Here, GK raises a claim of sexual assault, arguing DM intentionally exposed him to HIV without consent by misrepresenting his HIV status. Consequently, GK's claim could rely on potentially three applicable activities under § 46:2184(24)(a), namely rape, sexual battery, and intentional exposure to HIV. Additionally, as required by Article 3496.2, DM's alleged conduct is sexual in nature.[47] Consequently, because GK's sexual assault claim clearly falls under a Louisiana Civil Code article providing for a three-year prescriptive period, the general one-year delictual period does not apply. Accordingly, in regard to prescription, the motion is **DENIED**.

## II. Consent, HIV Status, and Discovery

Under Federal Rule of Civil Procedure 56, a party may respond to a motion for summary judgment by "show[ing] by affidavit or declaration that…it cannot present facts essential to justify its position" and request time to "take discovery" instead. "Such motions are broadly favored and should be liberally granted" as summary judgment would be "premature."[48]

After reviewing the filings and the applicable law, the Court finds it would be premature to rule on the substantive issues of consent and sexual assault. GK raises a sexual assault claim against DM, arguing he fraudulently misrepresented his HIV status and intentionally exposed GK to the illness. However, there is no evidence on the record, sealed or not, showing DM's HIV

---

[47] *See Hansche v. City of New Orleans*, 2020 WL 1166978 (E.D. La. 2020) (finding La. Civ. C. Art. 3496.2 applied to "claims of sexual harassment"); *Harris v. Hill*, 2021 WL 3236356, n. 9 (W.D. La. 2021).

[48] *Culwell v. City of Fort Worth*, 468 F. 3d 868, 871 (5th Cir. 2006); *Riggins v. City of Indianola, Miss*., 2015 WL 5568392, at *4 (N.D. Miss. 2015).

status. Consequently, this Court cannot determine whether there was any misrepresentation or, in turn, if there was even an exposure. As such, summary judgment is unwarranted until further discovery is conducted. Therefore, the motion for summary judgment, in regard to the sexual assault claim, is **DENIED**. Finding that, under the current circumstances, summary judgment is precluded, the motion to dismiss is also **DENIED**.

## III. Louisiana Revised Statute § 14:43.5

Article III standing requires a "concrete and particularized" injury in fact that is "fairly…traceable to the challenged action of the defendant" and may be "redressed by a favorable decision."[49] The injury in fact element requires an "actual or imminent" harm, not a "hypothetical" one.[50] As for redressability, it simply means that it must be "likely," not "speculative," that a court can redress the injury.[51] The First Amendment, together with the Fourteenth Amendment, prohibits the States from "abridg[ing] the freedom of speech."[52] Specifically, "content-based" regulations on speech, which "restrict [an] expression because of its message…or its content," must pass strict scrutiny.[53] "[C]onduct" may not constitute speech.[54] If, however, conduct and speech intermingle under a regulation, an "important government interest in regulating…nonspeech" can still justify "incidental limitations" on a person's freedom of speech.[55]

[49] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations and brackets omitted).
[50] *Id.*; *Clapper v. Amnesty International*, 568 U.S. 398, 409 (2013).
[51] *Id.* at 561.
[52] *National Institute of Family v. Becerra*, 138 S. Ct. 2361, 2371 (2018).
[53] *Id.*
[54] *United States v. O'Brien*, 391 U.S. 367, 376 (1968).
[55] *Id.*

Here, DM contends § 14:43.5 is unconstitutional because it compels speech and, therefore, the State of Louisiana's interest must pass strict scrutiny. Additionally, DM raises equal protection clause and right of privacy violations. The Court finds these challenges lacking for four reasons.

First, DM does not have standing. DM stakes his claims on a possible exposure to civil and criminal liability. However, at this time, those harms are speculative and hypothetical. Criminally speaking, no charges are pending against DM.[56] As for this civil suit, DM has not revealed his HIV status. If he is negative, this civil suit may be baseless, and any prospects of criminal charges could fall away. While this reasoning applies to DM's freedom of speech claim, it applies doubly to his equal protection and Americans with Disabilities Act claims. DM has not shown that he is a person with HIV or a disability and, therefore, whether he occupies a protected class. Thus, he lacks a concrete harm and instead raises a "hypothetical" harm, namely civil liability for an illness he has not proven applies.

Second, DM's alleged right of privacy violation is lacking because he does not assert any recognized fundamental right. DM, relying on *Lawrence v. Texas*, argues § 14:43.5 impermissibly regulates bedroom intimacy.[57] However, *Lawrence* held the States could not criminalize the "private sexual conduct" of "two adults" when no person "might be injured or coerced" and the parties had "full and mutual consent from each other."[58] Here, the Louisiana law, like a similar statute in Missouri, "regulates only sexual conduct that would expose another person to a life-

---

[56] R. Doc. 79 at 19-20. *See State v. S.F.*, 483 S.W. 3d 385 (Mo. 2016) (allowing a defendant convicted under a similar law to challenge it).
[57] 539 U.S. 558 (2003).
[58] *Id.* at 578; *State*, 483 S.W. 3d at 389.

jeopardizing disease when that person has not given consent to the conduct with knowledge of the risk of exposure."[59] Therefore, *Lawrence*, and the rights recognized under it, do not apply here.

Third, § 14:43.5 does not compel speech and, therefore, does not run afoul of the First Amendment. The law targets the intentional exposure of HIV through *sexual intercourse*. Consequently, § 14:43.5 prohibits conduct, not speech.[60] As the Missouri Supreme Court found when examining a similar law,

> The purpose of section 191.677 is not to compel disclosure. Instead, the statute seeks to prevent certain conduct that could spread HIV to unknowing or nonconsenting individuals. While individuals may have to disclose their HIV status if they choose to engage in activities covered by the statute, any speech compelled by section 191.677 is incidental to its regulation of the targeted conduct and does not constitute a freedom of speech violation.[61]

It may be that "as a practical matter," the statute "compel[s] disclosure" because that is the only way to "be sure that a potential sexual partner knows of the HIV infection" and avoid violating the law.[62] However, "any speech compelled by [the statute] [is] incidental to its regulation of the targeted conduct and [does] not constitute a freedom of speech violation."[63] That being said, the law may not constitute even an "incidental" burden. After all, it targets an intentional exposure of HIV through sex. A person may refrain from exposing another to HIV, or from sex entirely, without a conversation. Therefore, the Louisiana law does not need to pass strict scrutiny.

---

[59] *State*. 483 S.W. 3d at 389.
[60] *See Sorrell v. IMS Health Inc*., 564 U.S. 552 (2011) ("the First Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech").
[61] *State*, 483 S.W.3d at 388.
[62] *Id.* at 387.
[63] *Id.*

Fourth, even if § 14:43.5 does meaningfully compel speech or treat similarly-situated people differently, the State of Louisiana likely has a compelling interest in preventing the spread of HIV, even with the advancements of modern medicine reducing the risk of harm.[64] Additionally, as the law stands, it is likely as narrowly tailored as possible to achieve its goal.[65] Accordingly, in regard to constitutionality, the motion for summary judgment is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the *Motion for Summary Judgment* and the *Motion to Dismiss* are **DENIED**.

New Orleans, Louisiana, this 22nd day of July, 2022.

Greg Gerard Guidry

Hon.Greg Gerard Guidry
United States District Judge

[64] *See State v. Musser*, 721 N.W. 2d at 744-45 (Iowa 2006) ("[t]he obvious purpose of this statute is the protection of public health by discouraging the transmission of the AIDS virus…We think section 709C.1 promotes a compelling state interest, and the legislature narrowly tailored the statute to promote this compelling interest").

[65] *Id.* ("[w]e cannot conceive of a less restrictive way in which the state could accomplish its goal"); *Musser v. Mapes*, 854 F. Supp 2d 652, 666 (S. D. Iowa 2012) (upholding a finding of narrowly tailored, rejecting a party's argument "there are less restrictive means that the court failed to consider, such as compelling people to wear condoms, or putting the burden on the other party to ask if his or her partner has HIV").