UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

G.K.  CIVIL NO. 21-2242

VERSUS

SECTION: T (2)

D.M.

## ORDER

Before the Court is the *Motion to Object to & Appeal from Magistrate Order* (R. Doc. 110; the "Motion") filed by Defendant, D.M. The Motion seeks review of an Order issued by Magistrate Judge Currault pertaining to a Motion to Compel discovery responses from Defendant. *See* R. Docs. 104 & 105. Plaintiff, G.K., has opposed the Motion. R. Doc. 123. Defendant filed a Reply in further support of the Motion. R. Doc. 132. For the following reasons, the Magistrate's Order is AFFIRMED.

## BACKGROUND

This case arises from the alleged knowing transmission of HIV by Defendant to Plaintiff on or about September 1, 2019, in New Orleans, Louisiana. R. Doc. 3. The instant appeal arises from the partial grant of Plaintiff's Motion to Compel wherein Magistrate Judge Currault ordered Defendant to respond to certain discovery requests concerning his HIV status. *See* R. Docs. 104 & 105.[1] Defendant objected to Plaintiff's discovery (and Motion to Compel) on the grounds that it was violative of his Constitutional Fifth Amendment protections from self-incrimination and certain medical privileges under state law. R. Doc. 95-1. Defendant further asserted in opposition that discovery in this matter should be stayed, pursuant to the *Thibodeaux* abstention doctrine,

---

[1] A full recitation of the instant Motion's factual and procedural underpinnings can be found within the Magistrate's Reasons for Decision, R. Doc. 104.

pending resolution of his own later-filed declaratory judgment action in New York state court, wherein Defendant seeks declaratory relief on the application of N.Y. Public Health L. § 2785. R. Doc. 95-1. After briefing was submitted, the Magistrate Judge held a hearing on Plaintiff's Motion to Compel. *See* R. Doc. 103. At that time, Plaintiff submitted lay and expert testimony establishing that Defendant could have been the source of his HIV infection. *See* R. Doc. 104, pp. 3-4.

In a comprehensive Reasons for Decision (R. Doc. 104), Magistrate Judge Currault found that there was a compelling need for the production of Defendant's HIV information, rejected Defendant's request for stay, and ordered Defendant to respond to the disputed discovery, which was modified by the Magistrate to further protect Defendant's privacy. Judge Currault's Reasons (R. Doc. 104) and related Order (R. Doc. 105) also implemented a protective order to ensure the Parties' privacy was maintained and that all HIV-related materials and discovery responses include the following disclosure:

> THESE DISCOVERY RESPONSES AND/OR DOCUMENTS ARE SUBJECT TO A PROTECTIVE ORDER IN CIVIL ACTION NO. 21-2242 IN THE USDC EDLA PRECLUDING THE USE OF THIS INFORMATION FOR ANY PURPOSE OTHER THAN PROSECUTION OF THIS CASE, INCLUDING ANY APPEALS. NO PARTY MAY RE-DISCLOSE THESE RESPONSES TO ANY OTHER PERSON AND ANY FILING ATTACHING THESE RESPONSES MUST BE FILED UNDER SEAL.

R. Doc. 104, pp. 29-30; R. Doc. 105.

## **LAW & ANALYSIS**

On appeal to this Court, Defendant first argues that the Magistrate's Order is subject to *de novo* review. According to Defendant, the Magistrate was required to issue proposed findings of fact and recommendations instead of directly ruling on Plaintiff's Motion to Compel because he raised certain medical privileges and a 5th Amendment self-incrimination defense in response to Plaintiff's Motion to Compel. R. Doc. 110-2, p. 3. To that end, Defendant contends Judge Currault

erred in failing to issue proposed findings of fact and recommendations under Rule 72(b)(1) because her decision was dispositive of his defenses, which now requires a *de novo* review. R. Doc. 110-2, p. 3. The Court disagrees.

United States Magistrate Judges have the prerogative to hear and determine pretrial matters as designated by the Court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Pro. 72 (a). Within this District, Local Rule 72.1 automatically refers certain pretrial motions, including "all civil discovery motions," to the assigned Magistrate Judge for resolution. L.R. 72.1(A). In such instances, the District Judge may reconsider the Magistrate's ruling on a pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous only if it is implausible in light of the record considered as a whole." *Moore v. Ford Motor Co.*, 755 F.3d 802, 808 n.11 (5th Cir. 2014). "In order to meet this high standard, the district court must be 'left with a definite and firm conviction that a mistake has been committed.'" *Palmisano, LLC v. North American Capacity Insurance Company*, 2020 WL 1429857 (E.D. La. Mar. 24, 2020) (quoting, *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 375 (E.D. La. 2012)). Here, the matter appealed from is Plaintiff's Motion to Compel, a non-dispositive pretrial discovery motion that was referred to the Magistrate Judge for a direct decision in compliance with applicable statutory and procedural rules. *See* 28 U.S.C. § 636; Fed. R. Civ. Pro. 72; L.R. 72.1. Accordingly, the Court reviews the Order for clear error.

Having reviewed Judge Currault's Reasons for Decision (R. Doc. 104), Order (R. Doc. 105), the Parties' briefing, and the relevant record as a whole, the Court finds that no clear error was committed. Indeed, Defendant's appeal does not identify any clear error committed by the Magistrate Judge. Rather, Defendant's Motion attempts to relitigate issues already resolved by the Magistrate Judge or argue about the weight of certain evidence. The central issue in this case is

whether Defendant knowingly infected Plaintiff with HIV. Resolution of this issue is predicated on Defendant's HIV status at the time of his encounter with Plaintiff on September 1, 2019. Plaintiff has shown a plausible link between his HIV infection and his encounter with Defendant. This evidence, combined with the substantial public policy interests in promoting civil redress for tortious conduct, provides a compelling need for allowing Plaintiff's discovery on the issue. The Magistrate Judge's ruling is appropriately focused on illuminating the truth in this case. Further, Defendant's contention that Plaintiff must submit evidence showing more than a mere possibility of transmission as a prerequisite to sustaining the Motion to Compel is misguided. The likelihood of other sources of infection, and Plaintiff's ability to conclusively rule them out, concerns the weight of Plaintiff's evidence, not the discoverability of Defendant's HIV-related information.

In sum, the Court finds Defendant's appeal unpersuasive. Although Defendant's privacy interests and Constitutional rights are important, the Magistrate Judge has appropriately tailored the discovery order to safeguard Defendant while simultaneously preserving Plaintiff's right to prosecute his claims. The Court is well satisfied that there was no error in accomplishing these twin aims.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Object to & Appeal From Magistrate Order (R. Doc. 110) is **DENIED** and that Magistrate Judge Currault's Order (R. Doc. 105) is **AFFIRMED**.

New Orleans, Louisiana this 4th day of November, 2022.

_____
Greg Gerard Guidry
United States District Judge