UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

G.K.                                                                                         CIVIL NO. 21-2242

VERSUS

                                                                                             SECTION: T (2)
D.M.

## ORDER

Before the Court is a *Motion to Change Venue* (R. Doc. 114; the "Motion") filed by Defendant, D.M. The Motion seeks transfer of this case to the Southern District of New York. R. Doc. 114. Plaintiff, G.K., timely filed an Opposition to the Motion. R. Doc. 117. Defendant was granted leave to file a Reply Memorandum. R. Doc. 134. Plaintiff was then granted leave to Supplement his Opposition. R. Doc. 152; R. Doc. 153. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

This case arises from the alleged knowing transmission of HIV by Defendant to Plaintiff on or about September 1, 2019, in New Orleans, Louisiana. R. Doc. 3. Plaintiff originally brought suit in Louisiana state court in September 2021. R. Doc. 3. Defendant subsequently removed the case on diversity grounds to this Court in December 2021. R. Doc. 3. Trial is currently set to begin on January 9, 2023. R. Doc. 40.

The instant Motion seeks transfer of this case to the Southern District of New York pursuant to 28 U.S.C. §1404. R. Doc. 114-2. Defendant argues that transfer is permissible because this suit could have originally been brought by Plaintiff in the Southern District of New York. R. Doc. 114-2, p. 3. Defendant further asserts that, except for the alleged tortious conduct occurring in New Orleans, this suit has no connection to this district because the Parties and potential

witnesses do not live in Louisiana. R. Doc. 114-2, p. 4, p. 8. Defendant states that it will be more difficult for witnesses to travel to New Orleans than New York and that he, himself, cannot be compelled to appear at a trial in New Orleans and is entitled to defend this case entirely through his counsel. R. Doc. 114-2, p. 6; R. Doc. 134, pp. 3-4. As such, a transfer to New York would be more convenient for the Parties, their counsel, and potential witnesses, provide easy access to medical evidence, and reduce expenses for everyone involved. R. Doc. 114-2, pp. 4-5, pp. 6-7. Defendant also points to a pending declaratory judgment action, which was originally brought by Defendant in New York state court before being removed to the Southern District of New York by Plaintiff. R. Doc. 114-2, p. 1, pp. 3-4, p. 8. Defendant argues that by removing the case to the New York federal court, Plaintiff voluntarily availed himself to that court's jurisdiction and that the New York court is better suited to decide the issues in both suits. R. Doc. 114-2, p. 1, pp. 3-4, p. 8.

In opposition, Plaintiff argues that Defendant's Motion is nothing more than an attempt to avoid or delay complying with recent rulings of this Court, which require Defendant to disclose his HIV status, in the hopes of relitigating those issues and obtaining a different result in New York. R. Doc. 117, p. 1-2, pp. 6-8. Plaintiff notes the eleventh-hour timing of the Motion supports this conclusion and that Defendant is engaged in a "blatant forum-shopping campaign." R. Doc. 117, p. 2. Plaintiff also rebuts the allegation that he voluntarily invoked the court's jurisdiction in the Southern District of New York the removal was "subject to and without waiving his jurisdictional and/or service-related defenses which will be asserted in a forthcoming motion [to dismiss]." R. Doc. 117, p. 4. Plaintiff asserts the New York venue is inappropriate because the only connection between that district and this case is Defendant's New York residence. As such, Defendant has failed to show that a transfer will result in easier access to evidence or witnesses.

2

R. Doc. 117, pp. 8-12. Plaintiff's Supplemental Opposition draws the Court's attention to the fact that Defendant's New York declaratory judgment action was filed as a "placeholder" suit on July 27, 2022, approximately eight months after the instant case was removed to this Court. R. Doc. 153, p. 1-2; R. Doc. 153-2. The Supplemental Opposition also shows that the district judge in the Southern District of New York dismissed without prejudice Defendant's declaratory judgment on September 20, 2022, noting that the suit was seemingly "an end run around" of this Court's prior rulings and unnecessary at this point in time. R. Doc. 153, p. 2; R. Doc. 153-1; R. Doc. 153-2, pp. 4-7.

## LAW & ANALYSIS

"A district court may transfer any civil action to any other district…where it might have been brought" originally when the convenience of the parties and witnesses and the interest of justice promote transfer. 28 U.S.C. § 1404(a). The decision to transfer a case lies within the discretion of the district court. *See SeaTrepid Int'l, LLC v. ML Salvage Venture, LLC*, 2013 WL 4012655 at *3 (E.D. La. Aug. 5, 2013) ("The decision whether to transfer a case pursuant to 28 U.S.C. § 1404(a) is committed to the sound discretion of the district court."). Importantly, "'the plaintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed. The burden of proof in a motion to transfer is on the moving party. Unless the balance of factors strongly favors the moving party, the plaintiff's choice of forum generally should not be disturbed.'" *Redhawk Holdings Corp., et al v. Schreiber, et al*, 2017 WL 6211037 at *2 (E.D. La. Aug. 16, 2017) (quoting *Carpenter v. Parker Drilling Offshore USA, Inc.*, 2005 WL 1432373 at *1 (E.D. La. June 16, 2005)). Moreover, a motion to transfer venue should be made with "reasonable promptness." *In re Planned Parenthood Federation of Am., Inc.*, -- F.4th --, 2022 WL

3

16549164 at *2 (5th Cir. 2022) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

Courts in the Fifth Circuit consider eight factors, four concerning public interests and four private interests, when deciding if a transfer is appropriate. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008). The four private interest factors to be weighed are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The four public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* No single factor is dispositive of transfer. *Id.*

The Court finds that a venue transfer is inappropriate for several reasons. First, the Court finds Defendant failed to act with "reasonable promptness" in bringing this Motion. This case was initially removed to this Court in December 2021. Since then, the parties have engaged in extensive motion practice, including discovery-related and dispositive motions, resulting in multiple rulings impacting the course of this litigation. Discovery should be nearing completion and trial is set to begin on January 9, 2023. The Court further notes that Defendant's declaratory judgment action, which forms his basis for transferring this case to New York, was filed long after this suit began to take shape. It is obvious to the Court that Defendant's declaratory judgment was filed with dilatory intent and in an effort to manufacture a seemingly viable bid to have this case transferred. Accordingly, the Court finds the Motion should be denied for Defendant's failure to act with

reasonable promptness. *See Blake Marine Grp., LLC v. Dat Ha*, 2020 WL 5577842 at *2 (E.D. La. Sept. 17, 2020) (denying defendant's motion to transfer venue when it was brought less than three months before trial, at the close of discovery, and defendant failed to raise any objection to venue in the previous eight months the case was pending before the court).

Even if the Motion were not tardy, a weighing of the eight *Volkswagen* factors supports non-transfer because Defendant has failed to show that a change in venue would result in greater convenience to the parties or be in the interest of justice. As Plaintiff points out, his claims have no connection with New York. Rather, the Southern District of New York merely happens to be the district encompassing Defendant's residence. Defendant's argument that his medical records are located in New York is unpersuasive in today's world where such records are likely digital but, at a minimum, could easily be copied and provided to the litigants. Moreover, Defendant has failed to substantiate this argument with any rational explanation as to why these records could not easily be produced. Defendant's contention that witnesses will be unavailable in this district, but subject to compulsory process in New York, also lacks support. Defendant argues that transfer is needed because he cannot be compelled to attend trial in Louisiana and could defend this case through his counsel alone. This contention actually supports denial of the Motion because, by Defendant's own admission, his participation in trial is unnecessary regardless of where it occurs. Defendant has also failed to meet his burden to show that the cost of attendance for willing witnesses favors a New York venue. Instead, Defendant vaguely claims that travel is less expensive and more accessible to and from New York. The Court finds Defendant's argument to be conclusory and unpersuasive. Finally, with the exception of being more convenient and perhaps less expensive for his counsel and himself, Defendant has not made any showing that a transfer would result in an easier, faster, or more expeditious trial. This is especially true given the current posture of this

case. Moreover, when Plaintiff filed this lawsuit, he presumably weighed all potential venues before choosing to initiate his claims within this district. The convenience of Defendant and defense counsel is not a compelling reason to deprive Plaintiff of his chosen venue.

The public interest factors also favor denial of the requested transfer. Defendant's concerns over litigating two separate actions in different courts were alleviated when the district judge dismissed Defendant's declaratory action in the Southern District of New York. This case is the only one currently pending before any court, making Defendant's consolidation argument moot. Contrary to Defendant's assertions, Louisiana has a strong local interest in providing redress to individuals for tortious offenses committed within the State. To that end, Louisiana tort law governs Plaintiff's claims. Accordingly, there are no conflict of law concerns, and a New York court would not be more familiar with the law governing this case.

## CONCLUSION

Defendant failed to act with reasonable promptness in bringing this Motion, warranting its denial. Nonetheless, even if Defendant had taken timely action, the Motion would still fail to satisfy the *Volkswagen* factors, as discussed above. Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Change Venue (R. Doc. 114) is **DENIED**.

New Orleans, Louisiana this 4th day of November, 2022.

_____
Greg Gerard Guidry
United States District Judge