UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| G.K. | * | CIVIL ACTION |
| VERSUS | * | NO. 21-2242 |
| D.M. | * | SECTION "T" (2) |

**REPORT AND RECOMMENDATION,**
**CERTIFICATION OF FACTS AND ORDER TO SHOW CAUSE**

Before me is Plaintiff G.K.'s Motion to Enforce Order and Request for Sanctions. ECF No. 187. Defendant D.M. timely filed an Opposition Memorandum. ECF No. 189. Plaintiff sought leave and filed a Reply Memorandum. ECF No. 201. Defendant sought leave and filed a Surreply Memorandum. ECF No. 195. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments, and the applicable law,

**IT IS RECOMMENDED** that Plaintiff's motion be GRANTED IN PART AND DENIED IN PART, and that Defendant be held in civil contempt of court and that he be sanctioned as follows:

(a) Defendant be given 14 days to comply with the August 5, 2022 Order and file Notice indicating such compliance in the court record;

(b) Should Defendant fail to comply (e.g., deliver a signed HIPPA form, response to Interrogatory No. 2 identifying his physicians with specification as to the medical issue for which he sought treatment for the 2017 to date period, and full and complete response to Interrogatory No. 1 and Requests for Admission Nos. 1, 3 and 5) within 14 days, Defendant be ordered to pay $500 per day into the registry of the Court until compliance;

(c) If the total fine reaches $10,000 and Defendant still has not complied with the Court's Order, that the Court consider, upon motion by Plaintiff, whether to impose more severe sanctions, including up to entry of default, against Defendant; and

(d) Defendant be advised that he may, at any time, purge his contempt by complying with the Court's Order (e.g., providing Plaintiff's counsel with a signed HIPPA form, responding to Interrogatory No. 2 by identifying his physicians and specifying the medical issue for which he sought treatment for the 2017 to date period, and fully and completely responding to Interrogatory No. 1 and Requests for Admission Nos. 1, 3, and 5), and filing a notice with the Court indicating he has done so.

**IT IS ORDERED** that Defendant D.M. and/or his counsel shall appear IN PERSON and show cause before District Judge Greg Guidry, Courtroom C-552, 500 Poydras Street, New Orleans, Louisiana 70130, on **March 1, 2023, at 10:00 a.m.**, why he should not be adjudged in contempt and sanctioned as recommended herein.

## I. BACKGROUND

Plaintiff filed suit on September 24, 2021, alleging that Defendant falsely represented his HIV status to induce Plaintiff to engage in unprotected sexual relations, and consequently infected him with HIV after sexual encounters on September 1, 2019. ECF No. 3, ¶¶ 5–13, at 8–9. After removal, Defendant filed a Motion to Dismiss and a Motion for Summary Judgment. ECF Nos. 8, 35. Defendant also sought to stay discovery pending resolution of the dispositive motions while Plaintiff moved to compel the Rule 26(f) conference. ECF Nos. 10, 12. The undersigned denied the stay request and ordered the parties to hold a Rule 26(f) conference. ECF No. 31. On July 22, 2022, the Honorable Greg G. Guidry denied Defendant's Motion to Dismiss and Motion for Summary Judgment. ECF No. 92.

Plaintiff issued discovery on January 5, 2022, to which Defendant responded with objections on March 7, 2022. ECF Nos. 10; 12; 31; 54-1; 99-1; 99-2. In response to Defendant's objections to providing HIV-related information, Plaintiff filed a Motion to Compel, arguing "compelling need" for disclosure of the information to prosecute his case, thus satisfying the exclusion from state law disclosure protections. ECF No. 54-1, at 3–8. Defendant opposed the motion on various bases and again requested a discovery stay. ECF No. 95 at 1–2, 3–7. After a closed hearing on August 3, 2022, the Court found compelling need for Defendant's disclosure of certain medical information as an expert would need to consider *all* relevant evidence of competing potential sources of infection, including Defendant, to render an opinion as to whether Defendant or some other person is more likely than not the source of Plaintiff's HIV infection. ECF No. 104 at 20-21; *see also* ECF No. 54-4, ¶5. Accordingly, the Court ordered Defendant to answer Interrogatories Nos. 1 and 2, Request for Production No. 1 (requiring a signed HIPAA form for records from 2017 forward), and the Requests for Admission within 14 days of entry of the Order. ECF No. 105.

On August 17, 2022, Defendant filed a Motion for Appeal/Review. ECF No. 110. Defendant *did not* file a motion to stay enforcement of this Court's August 5, 2022 Order, either with the undersigned or with Judge Guidry. Regardless, on November 4, 2022, Judge Guidry denied Defendant's objection, noting once again that "[t]he central issue in this case is whether Defendant knowingly infected Plaintiff with HIV," and "[r]esolution of this issue is predicated on Defendant's HIV status at the time of his encounter with Plaintiff. . . ." ECF No. 169. Judge Guidry also recognized that "[t]he likelihood of other sources of infection, and Plaintiff's ability to conclusively rule them out, concerns the weight of Plaintiff's evidence, not the discoverability of Defendant's HIV-related information." ECF No. 169 at 4.

After continuance of the initial scheduling order deadlines, trial is now scheduled for June 5, 2023, with a pretrial conference on May 10, 2023. ECF No. 183 at 4. Plaintiff's expert deadline is February 9, 2023, Defendant's expert deadline report is March 10, 2023, with a March 27, 2023, deadline for completion of all fact discovery. *Id.* at 2-3.

## II. The Motion to Enforce

On December 19, 2022–four months after issuance of my August 5, 2022 order and one month after Judge Guidry affirmed same–Plaintiff filed this Motion to Enforce Court Order and for Sanctions. ECF No. 187. Plaintiff contends that he emailed a HIPAA authorization form to defense counsel on December 1, 2022, but has not received any response to date. *Id*. at 2. Plaintiff also contends that Defendant has not supplemented the other responses (Interrogatory Nos. 1 and 2 and Requests for Admission Nos. 1 – 5), as ordered. *Id*. Plaintiff argues Defendant is in violation of the Court's August 5, 2022 Order and seeks sanctions against Defendant and his counsel for "knowing and intentional violation" of my Order. *Id*. at 2-3.

In Response, Defendant argues that Plaintiff's Motion to Enforce should be denied because (1) he provided supplemental responses in August; (2) Plaintiff is precluded from seeking enforcement for failure to meet and confer under Rule 37 and for invoking the Fifth Amendment in his own deposition, and (3) Plaintiff obtained the discovery order through fraud upon the Court and Defendant, warranting vacatur under Rule 60(b)(3). ECF No. 189 at 1.

In Plaintiff's Reply, he disputes Defendant's arguments based on discovery and denies that he committed perjury, fraud, misconduct, or misrepresentations to the Court. ECF No. 201 at 9-12. In Defendant's Surreply, he again attacks Plaintiff's credibility and reiterates the Rule 60(b)(3) vacatur arguments. ECF No. 195.

## III. LAW AND ANALYSIS

### A. Meet and Confer Requirements

The Rule 37(a)(1) requirement of conferral is a precursor to a motion to compel. A motion to enforce a prior order compelling discovery and for sanctions is not subject to another Rule 37 meet and confer obligation.[1] This Court has ***already granted*** a motion to compel and ordered disclosure in its August 5, 2022 Order, which was affirmed by Judge Guidry on November 4, 2022. ECF Nos. 104, 105, 169. Accordingly, there is no meet-and-confer obligation for this motion.

### B. Failure to Obey a Discovery Order

Federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their docket, which includes the authority to punish for contempt in order to maintain obedience to court orders and the authority to impose reasonable and appropriate sanctions on errant lawyers practicing before the court.[2] "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated."[3] In addition, Rule 37 expressly authorizes sanction against a party for violation of a discovery order.[4] Under Rule 37, the Court may issue an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

---

[1] *See Luv N' Care, Ltd. v. Laurain,* No. 16-777, 2020 WL 412350, at *3-*4 (W.D. La. Jan. 24, 2020) (rejecting defendant's argument that plaintiff was required to "meet and confer" prior to filing its motion for sanctions for failure to comply with court's discovery order because Rule 37 conferral requirement was not applicable to the post-order motion).

[2] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (citations omitted).

[3] *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999) (internal quotations and citations omitted).

[4] *See Sandoval v. Carrco Painting Contractors*, No. 16-00159, 2016 WL 8679288, at *1 (W.D. Tex. Nov. 16, 2016) (citing *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*., 283 F.3d 289, 290 (5th Cir. 2002)) (upholding civil contempt order imposed as sanction for violation of a protective order)).

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(C) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys' fees, caused by the failure to obey a discovery order,[5] unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"Contempt is characterized as either civil or criminal depending on its 'primary purpose.'"[6] Whether a sanction is civil or criminal is determined by looking to the character of the relief.[7] Generally, criminal contempt is designed to vindicate the authority of the court.[8] It is punitive and typically punishes a contemnor for past disobedience.[9] Criminal contempt is a crime and includes criminal penalties that may not be imposed without observance to those Constitutional protections afforded to criminal proceedings.[10] In contrast, civil contempt can either be compensatory or coercive. To be compensatory, it must remedy losses sustained.[11] Where coercive, civil contempt is designed to pressure the contemnor into compliance with a court order.[12] Coercive civil contempt is avoidable through obedience.[13] Civil contempt may be

---

[5] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).
[6] *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (citation omitted).
[7] *Ravago Americas L.L.C. v. Vinmar Int'l Ltd*., 832 F. App'x 249, 254 (5th Cir. 2020).
[8] *Id*. (citing *Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254, 263 (5th Cir. 2009)).
[9] *Id.*
[10] *See id.*
[11] *Id.*; *see also Quilling v. Funding Res. Grp.,* 227 F.3d 231, 234 (5th Cir. 2000).
[12] *Ravago*., 832 F. App'x at 254.
[13] *Id.; In re Stewart*, 571 F.2d 958, 963 (5th Cir. 1978) (citations omitted); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290–91 (5th Cir. 2002) (citations omitted) ("A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions.").

imposed in ordinary civil proceedings upon notice and an opportunity to be heard.[14] Distinguishing between criminal and civil contempt is not always clear as even purely compensatory punishment also vindicates the court's authority, just as when punishment is solely punitive, there may be incidental benefit to the complainant and deterrence of future disobedience.[15]

Sanctions are proper where clear and convincing evidence indicates (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order.[16] The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . without hesitancy, of the truth of the precise facts of the case."[17] Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order.[18] Indeed, even an unintentional violation of a discovery order may lead to civil sanctions, though the court should consider the degree of willfulness in determining the appropriate sanction.[19]

---

[14] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826–27 (1993).
[15] *Ravago*, 832 F. App'x at 254.
[16] *Lyn-Lea Travel Corp.*, 283 F.3d at 291 (citing *FDIC v. LeGrand*, 43 F.3d 163, 165 (5th Cir. 1995)); *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995). Courts also require a showing of damages resulting from the violation. *Harrell v. CheckAGAIN, LLC*, No. 03-0466, 2006 WL 5453652, at *2 (S.D. Miss. July 31, 2006) (citation omitted); *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (citations omitted); *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).
[17] *Travelhost, Inc.*, 68 F.3d at 961 (internal quotation marks omitted); *see also Moawad v. Childs*, No. 00-60365, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001) (characterizing clear and convincing evidence as "that 'weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable [the] fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'") (quoting *Travelhost, Inc.*, 68 F.3d at 961); *accord Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (citation omitted); *Am. Serv. Mktg. Corp. v. Bushnell*, No. 09–3097, 2009 WL 1870887, at *2 (E.D. La. June 25, 2009) (Engelhardt, J.) (denying contempt order based on lack of clear and convincing evidence).
[18] *See Whitfield*, 832 F.2d at 913 (citation omitted).
[19] *Walle Corp. v. Rockwell Graphics Sys.*, No. 90-2163, 1992 WL 165678, at *2 (E.D. La. July 6, 1992) (citations omitted).

### C. Defendant's Supplemental Responses

Initially, to the extent Defendant assumed that the filing of a motion to review or objection to discovery order operated as an automatic stay of that order, that assumption is grossly mistaken. Courts regularly recognize that a magistrate judge's order regarding a nondispositive matter is not automatically stayed upon the filing of an objection.[20] There are two basic reasons for this rule: (1) under § 636(b)(1), a magistrate judge has the power to "determine" discovery matters, not merely make "proposed findings and recommendations," and an automatic stay upon objection to a discovery order "would essentially reduce the magistrate's order to the status of a recommendation;[21] and (2) the notion that the filing of an objection operates as an automatic stay of a magistrate judge's order may provide losing parties with "an artificial incentive to object" and encourage parties to "use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial."[22] Accordingly, absent a stay, a party is obligated to comply with a magistrate judge's discovery order until and unless the order is set aside.[23]

Defendant argues that he complied with my order by providing Plaintiff's prior counsel with Supplemental Responses on August 17, 2022. ECF Nos. 189-1 at ¶ 6, 110.[24] Defendant's Supplemental Response, however, do not establish compliance with my Order. Defendant's

---

[20] *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, No. 10-1863, 2011 WL 3349844, at *4 (E.D. La. Aug. 3, 2011) (citing *Williams v. Texaco, Inc.*, 165 B.R. 662, 673 (D.N.M. 1994); *see also Esparza v. Bridgestone/Firstone, Inc.*, 200 F.R.D. 654, 656–57 (D. Colo. 2001); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 124 F.R.D. 75, 79 (S.D.N.Y. 1989); 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed.1987); 14 MOORE'S FEDERAL PRACTICE § 72.10[4] (3d ed. 2011)).

[21] *Id*. (citing *Williams*, 165 B.R. at 673).

[22] *Id*. (citing *Esparza*, 200 F.R.D. at 657).

[23] *Id*. (citing *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.")); *see also TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (citations omitted); *Esparza*, 200 F.R.D. at 655; *White v. Burt Enterprises*, 200 F.R.D. 641, 642–43 (D. Colo. 2000); *Kimbrell v. ADIA, S.A*., 834 F. Supp. 1313, 1317 (D. Kan. 1993); *Carlucci v. Piper Aircraft Corp., Inc.,* 775 F.2d 1440, 1448 (11th Cir. 1985) (citations omitted) (failure to comply with discovery order absent a stay of that order justified substantial Rule 37 sanctions).

[24] Plaintiff contends he did not receive the supplemental responses. ECF No. 187 at 2. At that time, however, he was represented by counsel. If Plaintiff did not receive a copy of the supplemental responses amidst the withdrawal of his former counsel, he should contact his former counsel to receive a copy of same.

"supplemental responses" provide no information[25] and essentially repeat his invocation of the Fifth Amendment privilege against self-incrimination as to each and every discovery request. As previously explained:

> A blanket refusal to answer discovery requests by invoking the Fifth Amendment privilege is insufficient. An individual is obliged to answer those allegations that he can and then affirmatively and specifically assert the privilege "with sufficient particularity to allow an informed ruling on the claim" to the rest of the request.[26] Only after that specific assertion may the court then conduct the required "particularized inquiry, deciding in connection with each specific area that the questioning seeks to explore, whether or not the privilege is well-founded."[27] Thus, a party with a legitimate privilege claim may object to answering certain questions or lines of inquiry, but he may not invoke privilege to remain totally silent because a party is not entitled to decide for himself whether he is protected by the Fifth Amendment privilege.[28]
>
> . . . . Accordingly, Defendant will be ordered to provide supplemental responses to the Requests for Admission, answering any portion of any request that does not implicate his Fifth Amendment rights and specifically invoking the Fifth Amendment with sufficient particularity to allow this Court to analyze the invocation to make an informed ruling on the claim to the rest of each particular request.[29]

Defendant's supplemental responses do not comply with this Court's Order. Even if these supplemental responses could be generously characterized as "partial compliance," partial compliance with a discovery order is not compliance.[30]

---

[25] ECF No. 189-2 at 1-6. Defendant also objects to providing a signed and dated HIPAA authorization as he asserts "[t]his response violates the 13th Amendment requiring labor."

[26] *North River Ins. Co. v. Stefanou*, 831 F.2d 484, 486–87 (4th Cir. 1987); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1280 at 360 (1969).

[27] *SEC v. First Financial Group of Texas, Inc*., 659 F.2d 660, 668 (5th Cir.1981); *see also Stefanou*, 831 F.2d at 487 ("[F]or one to invoke this privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim.").

[28] *First Fin. Grp. of Tex., Inc*., 659 F.2d at 668; *see also Hoffman v. U.S.,* 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination.); *Dish Network, LLC v. SatFTA*, No. 08–1561, 2009 WL 2057916, *2 (N.D. Cal. July 13, 2009) (A blanket assertion of one's Fifth Amendment privilege in the face of requests for admissions is improper; the defendant must respond to each question individually).

[29] ECF No. 104 at 26-27.

[30] *See, e.g., Oelze v. C.I.R.,* 726 F.2d 165, 166 (5th Cir. 2006) (denying rehearing on dismissal of taxpayer's petition for failure to comply with discovery orders and noting that partial compliance could not exonerate the taxpayer from willful failure to comply with the orders of the court); *Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223, at *3-*4 (N.D. Tex. Oct. 13, 2016). *See also Williams v. Black*, No. 07-3170, 2010 WL 2465152 (E.D.N.C. June 16, 2020) ("Partial compliance is not compliance. Both the discovery requests and this court's order are clear,

**1. Requests for Production**

Defendant again invokes the Fifth Amendment in response to the Requests for Production. This Court has already explicitly overruled that objection, holding that Defendant's medical records and test results are not subject to Fifth Amendment protection because they lack both compulsion and testimonial aspects and the "act of production" doctrine provides no additional relief because Defendant did not prepare the records and cannot authenticate them. ECF No. 104 at 7-10. This ruling has been affirmed by Judge Guidry. It is entirely improper for Defendant to re-urge the same objections that have already been overruled and characterize that as a supplemental response.

Defendant failed to return the HIPPA authorization limited to medical records from 2017 to date within 14 days, as ordered. ECF No. 105. This failure is a patent violation of this Court's August 5, 2022 Order.

Moreover, Defendant's suggestion that providing a signed HIPAA authorization is moot as he could immediately revoke it after signing it pursuant to the document's own terms (ECF No. 189-2 at 6) grossly misreads this Court's Order. Such conduct would violate not only the express terms of my Order but also the spirit of that Order. Such gamesmanship will not be tolerated and will be dealt with harshly. Defendant is advised that any effort to prevent Plaintiff's receipt of Defendant's medical records, as previously ordered, will result in severe sanctions.

**2. Interrogatories and Requests for Admission**

Defendant objects to the entirety of all five Requests for Admissions and both Interrogatories, stating: Defendant "specifically invokes his privilege against self-incrimination as the information calls for disclosure of facts that could be used for prosecution. . . ." Defendant's

yet plaintiff seems to think that he gets to decide whether to answer the discovery requests or comply with the court order. He does not.")

invocation of the Fifth Amendment with regard to the entirety of the two interrogatories and five requests for admission at issue does not comply with this Court's prior instruction, and merely including the word "specifically" does not change the prior analysis.

For instance, Interrogatory No. 2 seeks the identify of Defendant's healthcare providers. ECF No. 189-2. As previously explained, the Fifth Amendment applies to compelled testimonial communication that is incriminating.[31] In no case can the identity of Defendant's healthcare providers qualify as self-incriminating, testimonial evidence. The fact that physicians may have information that Defendant deems harmful to his case is not the issue. To qualify for the Fifth Amendment privilege against self-incrimination, a communication must be (1) testimonial in character, (2) incriminating, and (3) compelled.[32] To be testimonial, an accused's communication "must itself, explicitly or implicitly, relate a factual assertion or disclose information."[33] Defendant's re-urging of the overruled Fifth Amendment objection is patently insufficient, and he has failed to provide a full and complete response to Interrogatory No. 2, as ordered.

Likewise, Defendant fails to respond to any of the five Requests for Admission. Only Request for Admission Nos. 2 and 4 could even potentially fall within the ambit of the Fifth Amendment as they would require D.M. to admit certain elements of the crimes enumerated in the state statutes referenced. The remaining requests do not. Request for Admission No. 1 seeks an admission of D.M.'s current health status, which current status would not on its own subject him to prosecution. Likewise, Requests for Admission No. 3 falls outside of Fifth Amendment protection as it involves whether D.M. took antiretrovirals at the relevant time period, which medication may be taken prophylactically or not taken at all, neither of which would subject D.M.

---

[31] *Fisher v. United States*, 425 U.S. 391, 408 (1976) (holding that taxpayer has no Fifth Amendment right to preclude production of his accounting documents, whether in possession of the taxpayer or his counsel).
[32] *United States v. Hubbell*, 530 U.S. 27, 34, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000).
[33] *Doe v. United States*, 487 U.S. 201, 210 (1988) (citations omitted).

to criminal prosecution. Finally, Request for Admission No. 5 involves the frequency with which Defendant underwent HIV testing, the answer to which could not be used to prosecute him as testing frequency is not dispositive of health status. Accordingly, Defendant's supplemental responses to Requests for Admission Nos. 1, 3, and 5 are insufficient and fail to comply with this Court's prior order.

### D. Plaintiff's Alleged Misconduct Does Not Justify Defendant's Failure to Comply with this Court's Prior Order

#### 1. Rule 60(b)(3)

Defendant urges the Court to vacate, rather than enforce, its Order compelling disclosure under Fed. R. Civ. P. 60(b)(3) because Plaintiff fraudulently obtained the order by misrepresenting his sexual history to the Court. ECF No. 189 at 15-18.

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party or its legal representative from a final judgement, order, or proceeding for specified reasons, including fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. Rule 60(b) relief, however, is available only from a "final" judgment or order, hence "interlocutory orders and judgments are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief as justice requires."[34] Discovery orders in civil litigation are interlocutory orders,[35] not final decisions.[36] When a request for

---

[34] *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985) (citation and quotation omitted). *See also Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (noting that Rule 60(b)(3) relief is distinct from a motion alleging fraud upon the court).

[35] *See, e.g., In re Tullius*, 500 F. App'x 286, 288-91, 2012 WL 6101863, at *2-*4 (5th Cir. 2012) (dismissing appeal of discovery orders as both were interlocutory hence not appealable as a final order under 28 U.S.C. § 158(d)(1)); *Pride Centric Res., Inc. v. LaPorte*, No. 19-10163, 2021 WL 2579798, at *4 (E.D. La. June 23, 2021) (citation omitted) ("Discovery orders are interlocutory rulings. . . ."). *See also In re Naranjo*, 768 F.3d 332, 342 (4th Cir. 2014) (citation omitted) (noting that discovery orders are inherently interlocutory).

[36] *Piratello v. Philips Elecs. N. Am. Corp.*, 360 F.3d 506, 509 (5th Cir. 2004) (citations omitted).

vacatur based on fraud on the court is filed before a final judgment, a district court makes its finding under its inherent powers and is reviewed for abuse of discretion.[37]

The inherent powers of the federal courts are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[38] These powers must be exercised "with great restraint and discretion."[39] A fraud on the court is more than perjury; it must go to the corruption of the judicial process itself.[40] Generally speaking, only the most egregious conduct, such as bribery of a judge or jury member or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.[41] "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court."[42] The Fifth Circuit has articulated that, to establish fraud on the court, "it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision."[43]

Defendant has failed to meet the high burden of establishing an unconscionable plan or scheme designed to improperly influence the court in its decision or that Plaintiff corrupted the judicial process. Defendant accuses Plaintiff of fraud based on disputed statements in depositions and text messages produced that had no part in my decision to order production of Defendant's

---

[37] *First Nat. Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573-74 (5th Cir. 1996) (citation omitted); *see also Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991) (citations omitted) (noting that federal courts have the inherent power to vacate their own judgment upon proof that a fraud has been perpetrated upon the court).
[38] *Link v. Wabash R. Co*., 370 U.S. 626, 630-31 (1962).
[39] *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation omitted*); see also Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1407 (5th Cir. 1993) ("In short, the inherent power springs from the well of necessity, and sparingly so.")
[40] *Hazel-Atlas Glass Co. v. Hartford-Empire Co*., 322 U.S. 238, 246 (1944), *departed from on other grounds in Standard Oil Co. of Ca. v. United States*, 429 U.S. 17, 18 n.2 (1976).
[41] *Rozier*, 573 F.2d at 1338 (quoting *United States v. Int'l Telephone & Telegraph Corp*., 349 F. Supp. 22, 29 (D. Conn. 1972), *aff'd without opinion*, 410 U.S. 919 (1973) (internal citations omitted)).
[42] *Id*. (internal citations omitted).
[43] *Lustig*, 96 F.3d at 1573 (quotations and citations omitted).

HIV-related information. While this subsequent discovery may indeed raise significant credibility issues for the jury's consideration, this new information does not establish the "most egregious" type of conduct warranting a finding of fraud. Further, as previously explained, the fact that Plaintiff had other sexual encounters during the relevant time period, whatever that number may be, does not diminish the compelling need for *Defendant's* HIV-related records as one of the potential sources of infection.

**2. Plaintiff's Own Invocation of the Fifth Amendment**

Defendant argues that Plaintiff's recent assertion of his Fifth Amendment right warrants not only denial of this motion but also dismissal of this suit. *See* ECF No. 189 at 14-15. Plaintiff's assertion of the self-incrimination privilege in response to a question posed by defense counsel in deposition has no bearing on this court's determination of Defendant's compliance with its discovery order. Defendant's opposition to a discovery motion is not the appropriate setting to seek dismissal in full of this suit. Unless and until Judge Guidry dismisses Plaintiff's claims, the discovery sought is relevant to a pending claim or defense. Given the pending deadlines, this discovery must proceed.

**IV. <u>SECTION 636(e)(6)(B)(iii) CERTIFICATION</u>**

When an act outside of the presence of the magistrate judge constitutes civil contempt, the magistrate judge must certify the facts to the district judge and issue a show cause order why the district judge should not adjudge that party in contempt. 28 U.S.C. § 636(e)(6). In this case, the record reflects that this Court issued an Order on a Motion to Compel on August 5, 2022, which Order required, among other things, for Defendant to return a signed HIPPA release form to Plaintiff within 14 days and for Defendant to provide a full and complete response to Interrogatory No. 2 by identifying his medical providers and purpose of treatment from 2017 through date. ECF

No. 104. The Honorable Greg G. Guidry affirmed that Order on November 4, 2022. ECF No. 169.

The August 5, 2022 order is clear, definite, and unambiguous, and Defendant has failed to establish otherwise. Defendant is in a position to comply with the Order, but has chosen not to do so. Instead, Defendant has apparently given himself a stay of discovery despite twice being denied that relief and then being specifically ordered to provide the relevant information (e.g., signed HIPPA release and identification of relevant physicians). Because there is clear and convincing evidence that the underlying order was violated, the burden shifts to Defendant to demonstrate a present inability to comply.[44] Defendant has failed to do so.

The Fifth Circuit requires that the district court use "the least onerous sanction which will address the offensive conduct."[45] In fashioning sanctions for civil contempt, district courts should consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired."[46] Sanctions for civil contempt may include a "coercive daily fine, a compensatory fine, coercive incarceration, or a combination thereof."[47] The undersigned has carefully considered imposition of sanctions under Rule 37(b)(2)(A)). Directing that certain matters be deemed admitted (as authorized by subpart (i)), prohibiting Defendant from supporting his defenses (as authorized by subpart (ii)), or rendering a default judgment (as authorized by subpart (vi)) are more extreme sanctions than would be a finding of civil contempt and imposition of a coercive penalty (as

---

[44] *Petroleos Mexicanos v. Crawford Enters*., 826 F.2d 392, 401 (5th Cir. 1987) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).
[45] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 (5th Cir. 2011) (quoting *Gonzalez v. Trinity Marine Grp*., *Inc*., 117 F.3d 894, 899 (5th Cir. 1997)).
[46] *United States v. United Mine Workers of Am*., 330 U.S. 258, 304 (1947) (citations omitted).
[47] *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827–29 (1994); *Dinnan v. Bd. of Regents of the Univ. Sys. of Ga*., 625 F.2d 1146, 1150 (5th Cir. 1980) (civil contempt sanction ordered where the contemnor paid $100 fine daily and was incarcerated after thirty days of continued noncompliance).

authorized by subpart (vii)).[48] Because Defendant is currently in contempt of the August 5, 2022 Order and continues to violate it and that conduct will result in delay of this proceeding and disruption of the Court's Scheduling Order, a fine of $500.00 per day should be imposed.[49] This amount is reasonable given (1) the harm from noncompliance; (2) the financial resources of the contemnor and the probable effectiveness of the sanction; (3) the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order.[50] Although the daily fine recommended may impose a financial hardship on Defendant, it is a sanction that can be quickly and inexpensively purged if he fulfills his discovery obligations.

If Defendant's failure to comply with the Court's Orders continues despite the imposition of the fine, the District Judge should consider whether to impose further, more severe sanctions (e.g., directing that the jury be instructed that, as an established fact without the need of any further proof, Defendant knew he was HIV-positive at the time of his encounter with Plaintiff on September 1, 2019). Again, Defendant may at any time purge his contempt by complying with this Court's August 5, 2022 Order (i.e., providing Plaintiff's counsel with a signed HIPPA form, complete list of medical providers in response to Interrogatory No. 2, and responses to Requests for Admission Nos. 1, 3, and 5) and filing a notice with the Court indicating he has done so. Accordingly, in accordance with 28 U.S.C. § 636(e), the undersigned respectfully certifies the above facts and recommends that the District Judge impose a daily fine of $500 against Defendant to coerce compliance with this Court's August 5, 2022 Order.

[48] Either incarceration or a fine may accomplish the purpose of coercion. *United Mine Workers*, 330 U.S. at 303-04.
[49] *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (finding $500 per day fine not an abuse of discretion).
[50] *Id.* (citing *United States v. United Mine Workers*, 330 U.S. 258 (1947)).

## V. CONCLUSION

This case has been pending since September of 2021. This Court twice denied Defendant's request to stay discovery, held an evidentiary hearing regarding certain requested medical records, and issued a thorough order detailing the compelling need for the discovery at issue and overruling his invocation of the Fifth Amendment with regard to his medical records and identity of his physicians. Judge Guidry affirmed that decision. Five months later, Defendant has still failed to provide the critical discovery as ordered (e.g., a signed HIPPA authorization and discovery responses relating thereto).

Defendant cannot continue to grant himself a discovery stay simply by continuing to refuse to comply with this Court's order. Nor do Defendant's arguments that he will prevail on the merits and that Plaintiff lacks credibility justify his refusal to participate in the discovery process. This is particularly true given the February 9, 2023 expert deadline and March 27, 2023 discovery deadline, which will undoubtedly be continued as a result of Defendant's conduct resulting in the delay and disruption of this proceeding. As Judge Guidry reasoned in denying the Motions to Dismiss and Summary Judgment, the evidence showing *Defendant's* HIV status is necessary to resolve the claim that Defendant fraudulently misrepresented his HIV status and intentionally exposed Plaintiff to illness. ECF No. 92, 7-8. And, as this Court previously explained, the need to obtain HIV-records for more than one person does not obviate the "compelling need" for production of Defendant's HIV-related information.

Accordingly,

IT IS RECOMMENDED that Plaintiff's Motion to Enforce Order and for Sanctions (ECF No. 187) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

IT IS FURTHER RECOMMENDED that Defendant be allowed 14 days within which to comply with the August 5, 2022 Order by delivery of a signed HIPPA release, a list of physicians and conditions treated from 2017 to date, and full and complete responses to Interrogatory Nos. 1 and 2 and Requests for Admission Nos. 1, 3, and 5, in accordance with this Court's prior August 5, 2022 Order (ECF Nos. 104, 105) and to file a Notice indicating such compliance in the court record;

IT IS FURTHER RECOMMENDED that, should Defendant fail to deliver the discovery responses as outlined above same within 14 days,

(a) an Order be entered holding Defendant in civil contempt for violating the August 5, 2022 Order (ECF Nos. 104, 105);

(b) Defendant be ordered to pay $500 per day into the registry of the Court until compliance;

(c) if the total fine reaches $10,000 and Defendant still has not complied with the Court's August 5, 2022 Order, that the Court consider, upon motion by Plaintiff, whether to impose more severe sanctions against Defendant (e.g., ordering as an established fact, without the need for further proof, that Defendant knew he was HIV positive at the time of his encounter with Plaintiff on September 1, 2019); and

(d) Defendant be advised that he may, at any time, purge his contempt by complying with the Court's August 5, 2022 Order, providing Plaintiff's counsel with a signed HIPPA form, response to Interrogatory No. 2 by identifying his physicians and specification as to the medical issue for which he sought treatment for the 2017 to date period, and full and complete response to Interrogatory No. 1 and Requests for Admission Nos. 1, 3, and 5, and filing a notice with the Court indicating he has done so.

IT IS ORDERED that Defendant D.M. and/or his counsel shall appear IN PERSON and show cause before District Judge Greg Guidry, Courtroom C-552, 500 Poydras Street, New Orleans, Louisiana 70130, on March 1, 2023, at 10:00 a.m., why he should not be adjudged in contempt and sanctioned as recommended herein.

**NOTICE OF OPPORTUNITY TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[51]

New Orleans, Louisiana, this 25th day of January, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[51] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).