UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| G.K. | * | CIVIL ACTION |
| VERSUS | * | NO. 21-2242 |
| D.M. | * | SECTION "T" (2) |

## ORDER AND REASONS

Before me is Intervenors Fishman Haygood, LLP and its attorneys Michael Dodson, Danielle Teutonico, and Monica Bergeron's Motion to Compel. ECF No. 286. Plaintiff G.K. timely filed an Opposition, entitled "Objections." ECF No. 289. Intervenors filed a Reply. ECF No. 290. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the motion to compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

### I.  BACKGROUND

Plaintiff originally filed suit alleging that Defendant falsely represented his HIV status to induce Plaintiff to engage in unprotected sexual relations and infected him with HIV after a sexual encounter on September 1, 2019. ECF No. 3, ¶¶ 5–13, at 8–9. The court entered a default judgment against Defendant D.M. on May 24, 2023, and entered Judgment on November 21, 2023. ECF Nos. 236, 273.

Intervenor filed a Complaint in Intervention asserting a statutory lien and privilege on any recovery on July 26, 2023. ECF No. 249. In Plaintiff's Answer to the Intervention, he asserted various defenses including malpractice. ECF No. 265-1 ¶ 4. On November 30, 2023, Intervenors issued discovery, two topics of which are at issue in this motion: (1) information regarding the

1

email address spark@gardilaw.com and (2) information and communications between Plaintiff and California attorney Shiloh Bentacourt. ECF No. 286-1 at 4, 6. Movant contends Plaintiff responded with boilerplate objections (specifically, "irrelevant, vague, ambiguous, overly broad, calls for a legal conclusion, calls for speculation, is burdensome and harassing, and subject to varying interpretations"), that he does not have possession of responsive documents, and attorney-client privilege. *Id.* at 4-5. Movant argues relevance and waiver of the privilege. *Id.* at 5-9.

In Opposition, G.K. argues that he has not waived his attorney-client privilege as to his communications with any attorneys other than intervenors. ECF No. 289-1 at 1. G.K. further argues that he has no written or audio communications with Shiloh Bentacourt and that he has never been associated with the email address about which Intervenor seeks information. *Id.* at 2. Plaintiff contends the information sought is irrelevant and is simply harassment, subjecting movant to penalties. *Id.* at 2-3.

In Reply, Intervenors assert that G.K. has repeatedly relied on advice from Bentacourt and they are "entitled to demonstrate both that the basis for their withdrawal was well-founded and that Plaintiff has long been relying on other attorneys to provide him legal advice." ECF No. 290. Intervenors further argue that G.K.'s blanket attorney-client privilege invocation and boilerplate objections are inappropriate and thus should be stricken. *Id*. at 1-2, 5-6. Intervenors also cite two Middle District of Louisiana cases wherein parties were compelled to produce information despite invocation of the attorney-client privilege in order to establish when those parties learned certain information. *Id*. at 3. Intervenors further contend that G.K.'s assertion that the "spark@gardilaw.com" email was "made up" or a filing error should be tested through proper discovery responses rather than *ipse dixit* in an opposition memorandum. *Id*. at 4.

## II.     APPLICABLE LAW

### A. Scope of Discovery

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Rule 26's advisory committee comments make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment. "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

### B. Duty to Respond to Discovery

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[1]  Likewise, a party must

---

[1] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

3

provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered. FED. R. CIV. P.34(b)(2)(A).

A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control. FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1). For each request, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objection, including the reason. FED. R. CIV. P. 34(b)(2)(B). If a party fails to produce documents, respond that inspection will be permitted, or permit inspection, the party seeking discovery may, on notice to other parties and certification that the parties participated in a Rule 37 conference in good faith, move for an order compelling an answer, designation, production, or inspection. FED. R. CIV. P. 37(a).

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[2] and courts have long interpreted the rules to prohibit general, boilerplate objections.[3] When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[4] Objections interposed without also indicating whether any document or information is being withheld are improper.[5] Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not

---

[2] 8B CHARLES WRIGHT & ARTHUR MILLER, *Federal Practice and Procedure: Civil* § 2173 (3d ed. 2021).
[3] *See, e.g.*, *Chevron Midstream Pipelines LLC v. Settoon Towing LLC,* Nos. 13-2809, 12-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).
[4] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objs. overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).
[5] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall short of party's burden when party objected based on privilege but failed to state whether any documents were withheld or the nature of withheld documents).

producing same.[6]  Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections.  Courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[7]

## III. <u>ANALYSIS</u>

In response to Intervenors' discovery requests regarding G.K.'s communications with attorney Bentacourt and the owner of the spark@gardilaw.com email address, G.K. lodged various unexplained objections, including relevance, vagueness, ambiguity, overbreadth, speculation, and undue burden; claimed that he has no responsive information in his possession; and asserted the attorney-client privilege.  ECF No. 286-9.  In his Opposition Memorandum, G.K. reiterates his attorney-client privilege invocations, insists that he has no written or audio communications with Bentacourt, asserts that he does not know who owns the e-mail address at issue and has never been associated with same, repeats his boilerplate objections, and seeks sanctions against Intervenors for filing the motion to compel.  ECF No. 289-1.

Intervenors argue that Plaintiff waived the attorney-client privilege by alleging an affirmative defense of legal malpractice in his Answer to the Complaint in Intervention, "thereby putting Intervenors' legal representation of Plaintiff at issue."  ECF No. 286-1 at 1.

Initially, G.K.'s unsubstantiated boilerplate objections are improper and thus overruled.  Any responsive information withheld in reliance on these objections must be produced within fourteen (14) days.  Moreover, Plaintiff attempts to both argue that he never engaged Bentacourt as counsel and has no association with the legal email address while at the same time arguing that

---

[6] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").
[7] *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (citations omitted) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [but the practice] 'manifestly confuses (at best) and mislead[s] (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'").

5

any communications with either attorney are subject to the attorney-client privilege. Both cannot be true. Either G.K. has received legal advice from Bentacourt and/or other counsel and such communications may potentially be protected by privilege or did not receive legal advice and thus has no basis to assert attorney-client privilege. Further, G.K. insists that he has no documents responsive to Intervenors' requests. Of course, the court cannot compel someone to produce something that does not exist. But should it become evident that documents do, in fact, exist, then consideration of sanctions will be appropriate.

### A. Waiver of the Attorney-Client Privilege

Intervenors argue that Plaintiff waived the attorney-client privilege by alleging an affirmative defense of legal malpractice in his Answer to the Complaint in Intervention, "thereby putting Intervenors' legal representation of Plaintiff at issue." ECF No. 286-1 at 1. Intervenors contend that communications between G.K. and Bentacourt and/or other counsel obtained during or after Intervenors' representation of G.K. are relevant insofar as same could be used to dispute G.K.'s contention that Intervenors abandoned him in the middle of litigation.

The attorney-client privilege is the oldest of the privileges for confidential communications.[8] The purpose of the attorney-client privilege is well-established: to encourage candid communications between client and counsel.[9] The applicability of the attorney-client privilege "is a question of fact, to be determined in the light of the purpose of the privilege and guided by judicial precedents."[10] Not all communications between a client and its attorney are protected by the attorney-client privilege.[11] While the attorney-client privilege extends to all situations in which counsel is sought on a legal matter, it protects "only those disclosures necessary to obtain informed

---

[8] *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury,* 768 F.2d 719, 720 (5th Cir. 1985).
[9] *Upjohn Co. v. United States*, 449 U.S. 383, 390–91 (1981).
[10] *Hodges,* 768 F.2d at 721.
[11] *United States v. Pipkins*, 528 F.2d 559, 562–63 (5th Cir. 1976) (stating that the attorney-client privilege "is not a broad rule of law which interposes a blanket ban on the testimony of an attorney.").

legal advice which might not have been made absent the privilege."[12]  The attorney-client privilege therefore does not attach to every communication between a client and counsel, as the privilege "does not embrace everything that arises out of the existence of an attorney-client relationship."[13] "What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer."[14]  The attorney-client privilege "was intended as a shield, not a sword."[15]

Although the Federal Rules of Civil Procedure, not the Louisiana Code of Civil Procedure, govern litigation in federal courts, under Rule 501 of the Federal Rules of Evidence, state law governs privilege issues in a civil case for which state law supplies the rule of decision.  FED. R. EVID. 501.  Thus, Louisiana law governs any objection based on the attorney-client privilege and requires the proponent of the privilege claim to establish: (1) the holder of the privilege is or sought to become a client; (2) the communication was made to an attorney or his subordinate in a professional capacity; (3) the communication was made outside the presence of strangers; (4) the communication was made to obtain a legal opinion or services; and (5) the privilege has not been waived.[16]  While both the client and his lawyer or the lawyer's representative may claim the privilege, as the holder of the privilege, only the client may waive it.[17]  The party asserting the privilege has the burden of proving its applicability and that a waiver has not occurred.[18]

---

[12] *Fisher v. United States*, 425 U.S. 391, 403 (1976) (citations omitted).
[13] *Pipkins*, 528 F.2d at 563.
[14] *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982) (internal quotations and citation omitted); *see also Hodges,* 768 F.2d at 720.
[15] *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989).
[16] *Cacamo v. Liberty Mut. Fire Ins. Co.*, 1991-1421 (La. App. 4th Cir. 2001); 798 So. 2d 1210, 1216 (citation omitted); LA. CODE EVID. ART. 506 (2006); *see also United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (citations omitted) (holding that a party invoking the attorney-client privilege bears the burden of demonstrating its applicability and must show:  (1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding).
[17] La. Code  Evid. art. 506(D).
[18] *Smith v. Kavanaugh, Pierson & Talley*, 513 So.2d 1138, 1143 (La.9/9/87); *accord Fremin v. Entergy New Orleans, Inc.,* 2006-1700 (La. 10/6/06); 938 So.2d 62, 63; *Zydeco's II, LLC v. Certain Underwriters at Lloyd's, London*, 18-604 (La. App. 5 Cir. 2/19/19), 2019 WL 692963, at *5 ("The Louisiana Supreme Court has recognized that waiver of the attorney-client privilege may occur when a party places privileged communications 'at issue.'") (citation omitted).

Despite Intervenors' relevance arguments, however, a litigant's pleading of a claim or defense to which his attorney client communications are relevant does not by such pleading alone waive his attorney-client privilege.[19]  Instead, the pleading must "inevitably require the introduction of a privileged communication at trial to constitute a waiver."[20]  "Thus, 'placing at issue' waiver does not depend on the relevance of the privileged communications or on the adversary's need, no matter how strong, for the privileged matters."[21]  Rather, the privilege holder must have "committed himself to a course of action that will require the disclosure of a privileged communication."[22]  This principle is rooted in fairness—"when the [privilege] holder places the information at issue to his own benefit, allowing 'the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'"[23]  Moreover, a party who makes a pretrial partial disclosure of his attorney-client communications waives his privilege as to all such communications on the same subject unless he stipulates that he will not introduce any such communications at trial.[24]

To determine whether G.K. has waived any attorney-client privilege concerning his communications with Bentacourt or another attorney (presumedly at the Gardi Firm), this Court must consider (1) whether G.K. has already revealed privileged communications; and (2) G.K.'s use of his protected communications with these attorneys, if any—i.e., whether G.K. has "committed himself to a course of action that will require the disclosure of a privileged

---

[19] *Smith,* 513 So.2d at 1141.
[20] *Id*.; *accord State v. Jennings*, 220-97 (La. App. 3 Cir. 7/15/20); 304 So.3d 494, 501 (citing *McNeely v. Bd. of River Port Pilot Comm'rs,* 534 So.2d 1255 (La. 1988)).
[21] *Gibbens v. Quality Rental Tools, Inc.,* Nos. 13-6401, 14-288, 2014 WL 5432113, at *5 (E.D. La. Oct. 24, 2014) (citing *Stumpf v. Stumpf,* 613 So.2d 683, 685 (La. Ct. App. 5th Cir.1993) (citing *Smith*, 513 So.2d at 1146)).
[22] *Id*.
[23] *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC,* No. 11-633, 2014 WL 29451, at *6 (M.D. La Jan. 3, 2014) (quoting *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989)).
[24] *Smith,* 513 So.2d at 1141; *see also Ocean Sky Int'l, L.L.C. v. Limu Co., L.L.C.,* No. 18-00528, 2019 WL 13177256 (W.D. La. Dec. 9, 2019) (applying Louisiana privilege law and requiring production of all communications between defendant and its former counsel on certain topics absent defendant's agreement to stipulate that it would not rely on advice of counsel or its communications with former counsel in its defense).

communication," not the intervenors' alleged need for the communications.[25]

Intervenors have not met this burden here.  First, although G.K.'s deposition testimony reflects the potential existence of an attorney-client relationship between himself and Bentacourt whereby the attorney "consulted with" G.K. and "gave [him] pointers," G.K. has not disclosed any specific communications between himself and Bentacourt or another attorney.  Likewise, as to the second inquiry, there is no evidence at this time that G.K. has committed himself to a course of conduct that will require the use of any privileged communication at trial in support of his legal malpractice affirmative defense.

Moreover, Intervenors' assertion that a finding of waiver is appropriate because G.K. put his communications with Bentacourt and other attorneys at issue by raising a legal malpractice affirmative defense falls short.  Notably, in making their relevance and "at issue" arguments, Intervenors cite the incorrect standard.  Relying on *Rowan Companies, Inc. v. Houston Helicopters, Inc.,*[26] Intervenors assert that a party is considered to have waived the attorney-client privilege where "(1) assertion of the privilege was the result of an affirmative act . . .; (2) through the affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would deny the opposing party access to information necessary to his defense."  The *Rowan* court cites *Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D. Wash. 1975) as the source of this test.  The Louisiana Supreme Court, however, made clear in *Smith v. Kavanaugh, Pierson & Talley*, 513 So.2d 1138, 1143 (La. 9/9/87), that it "[has] not followed the *Hearn v. Rhay* test because it improperly undermines the legislatively established attorney-client privilege by causing courts to reassess the privilege by weighing the individual privilege-holder's interests against his opponent's need for evidence whenever the privilege is

---
[25] *Gibbens,* 2014 WL 5432113, at *5.
[26] No. 06-10755, 2007 WL 9809155, at *2 (E.D. La. Oct. 5, 2007).

attacked."[27]  Accordingly, under Louisiana law, Intervenors' argument that the privileged information is relevant and/or necessary to their defense of the malpractice claim does not bear upon the waiver decision.  Instead, the operative question under Louisiana law is whether the privilege holder has committed himself to a course of action that would require the disclosure of a privileged communication.[28]

Intervenors fail altogether to address whether G.K. "will be forced inevitably to draw upon a privileged communication [with Betancourt or any other attorney] in trial in order to prevail." Further, Intervenors' reliance on *Blackmon v. Bracken Construction Co., Inc.*[29] and *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*[30] is inapposite.  In *Blackmon*, a party sought discovery from plaintiffs' former counsel regarding when and how plaintiffs learned about certain insurance policies and their limits.  The Court found that plaintiffs waived privilege as to this topic because the question of when and how plaintiffs learned of the insurance policies was "not only relevant but crucial to their causes of action for fraudulent omissions, material misrepresentations, detrimental reliance, and the like," which claims all required plaintiffs to show reliance on an omission or misrepresentation of a material fact to his or her own detriment.[31]  The court further noted that the plaintiffs, who listed their former attorneys as trial witnesses, could not simultaneously claim that when and how they learned of the insurance policies was privileged but then selectively disclose that they were not aware of the policies prior to executing the alleged settlement agreement.[32]  In *Forever Green*, plaintiffs faced a peremption issue and argued that they were not "put on notice" of defendant's malpractice until a certain date.  The court agreed

---

[27] *Smith*, 513 So.2d at 1145.
[28] *Id*. at 1146.
[29] No. 18-142, 2020 WL 6065520 (M.D. La. Oct. 14, 2020), *aff'd,* No. 18-142, 2021 WL 2150694 (M.D. La. May 26, 2021).
[30] No. 11-633, 2014 WL 29451, at *8-*9 (M.D. La. Jan. 3, 2014).
[31] *Id*. at *9
[32] *Id*.

10

with defendant that plaintiffs "sufficiently placed the running of the one year peremptive period at issue by claiming they were not put on notice of [defendant's] malpractice" until a certain point and that attorney-client communications would be relied on by the parties and the factfinder to establish when the plaintiff had actual or constructive knowledge of the malpractice claim.

This case involves neither fraudulent misrepresentation claims nor peremption issues. Nor have Intervenors identified a single specific issue for which the contents of G.K.'s communications with other attorneys would prove necessary for plaintiff to use. Accordingly, the record does not reflect a factual basis to find a wholesale waiver of the attorney-client privilege as to any communications with Bentacourt or other attorneys.

### B. The Requirement for a Privilege Log

The party asserting privilege bears the burden of proof sufficient to substantiate its claims[33] by proving that each document it has withheld is privileged, rather than relying on a blanket assertion of privilege.[34] G.K.'s blanket assertion of attorney-client privilege is wholly insufficient.

A party withholding information by claiming attorney-client privilege "***must*** (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." FED. R. CIV. P. 26(b)(5) (emphasis added). The use of the word "must" indicates that production of a privilege log, including the detail specified by Rule 26(b)(5)(A)(i) and (ii), is mandatory.

---

[33] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (citing *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)); *see Hodges,* 768 F.2d 719, 721.

[34] *Jordan v. Aries Marine Corp.*, No. 14-377, 2015 WL 151336, at *3 (E.D. La. Jan. 12, 2015) (citing *In re Equal Emp't Opportunity Comm'n*, 207 F. App'x 426, 431 (5th Cir. 2006); *Woodard v. Andrus*, No. 2:03–2098, 2008 WL 2540600, at *3 (W.D. La. June 20, 2008) (citing *High Tech Commc'ns, Inc. v. Panasonic Co.*, No. 94–1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (citing *Hodges*, 768 F.2d at 721; *In re Shell Oil Ref.*, 812 F. Supp. 658, 661 (E.D. La. 1993))).

The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[35] It "should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, the purpose for its production, and a specific explanation of why the document is immune from discovery."[36] Satisfying Rule 26(b)(5)'s requirements as to each withheld document or communication may also require affidavits or declarations to establish that the items or categories withheld and the reason for same, with enough information for the requesting party to assess and the court to determine whether the withheld documents or information are privileged or are work product.[37]

Should G.K. have withheld any responsive documents in reliance on attorney-client privilege, each communication must be identified on a privilege log as detailed herein, which privilege log must be produced to Intervenors within fourteen (14) days.

## IV.  CONCLUSION

G.K.'s discovery responses are evasive and insufficient. Although this Court finds that movants have not established a wholesale waiver of any potentially applicable attorney-client privilege under *Smith*, G.K. must properly substantiate his invocation of privilege through a proper privilege log detailing any communication withheld from production. Further, while the court must accept the plaintiff's sworn responses reflecting that he has no responsive communications,

---

[35] *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (citing *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993))).

[36] *See Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. 2008) (quoting *Jones v. Hamilton County Sheriff's Dept.*, 2003 WL 21383332, at *4 (S.D. Ind. 2003) and citing *Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

[37] *Jolivet v. Compass Group USA, Inc.*, 340 F.R.D. 7, 21 (N.D. Tex. 2021) (citing *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473-74 (N.D. Tex. 2004)).

should Intervenors discover any undisclosed evidence, sanctions may be imposed. Accordingly, for the foregoing reasons,

IT IS ORDERED that Intervenor's Motion to Compel (ECF No. 286) is GRANTED IN PART AND DENIED IN PART. G.K. must provide supplemental responses that do not rely on his boilerplate objections and must also produce a proper privilege log within fourteen (14) days.

New Orleans, Louisiana, this 20th day of March, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE