UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| G.K. | * | CIVIL ACTION |
| VERSUS | * | NO. 21-2242 |
| D.M. | * | SECTION "T" (2) |

## ORDER AND REASONS

Pending before me are Intervenors Fishman Haygood, LLP and its attorneys Michael Dodson, Danielle Teutonico, and Monica Bergeron's Motion for Protective Order (ECF No. 299) and Plaintiff G.K.'s Motion to Compel Depositions or Stay All Proceedings (ECF No. 303). Both parties filed Opposition and Reply Memoranda. ECF Nos. 304, 306, 310, 313. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel or Stay All Proceedings (ECF No. 303) is DENIED and Intervenors' Motion for Protective Order (ECF No. 299) is DENIED AS MOOT for the reasons stated herein.

### I.   BACKGROUND

Plaintiff originally filed suit alleging that Defendant falsely represented his HIV status to induce Plaintiff to engage in unprotected sexual relations and infected him with HIV after a sexual encounter on September 1, 2019. ECF No. 3, ¶¶ 5–13, at 8–9. The court entered a default on May 24, 2023, and entered judgment on November 21, 2023. ECF Nos. 236, 273. Intervenors, as former counsel, filed a Complaint in Intervention asserting a statutory lien and privilege on any recovery. ECF No. 249.

After Plaintiff noticed depositions by remote means for Michael Dodson and Monica Bergeron, Intervenors filed for a protective order arguing that, despite their refusal to agree to

1

remote depositions, Plaintiff noticed depositions to occur via Zoom. ECF No. 299-1. Intervenors express concern that a remote deposition could allow Plaintiff to receive legal coaching from an attorney who has not enrolled in this matter and further argue that the depositions should not proceed remotely because the parties have not stipulated, nor has the court ordered, that the depositions be taken by telephone or other remote means as contemplated by Rule 30(b)(4). *Id*. at 2-3. Intervenors further contend that Plaintiff has not made the requisite showing of hardship to justify a remote deposition and, as the party who chose to bring suit in this jurisdiction, Plaintiff cannot reasonably argue that the depositions may not occur in New Orleans. *Id*. at 4.

In his "Objection/Opposition" to Intervenors' Motion, Plaintiff argues that he has good cause to depose Dodson and Bergeron remotely because he now lives in Poland. ECF No. 304. Plaintiff also filed his own Motion to Compel the depositions of Intervenors Dodson and Bergeron to participate in depositions or, alternatively, to stay all proceedings in this matter due to Mr. Dodson's health status. ECF No. 303-1. Plaintiff contends that he noticed the depositions of Dodson and Bergeron in December 2023 but both attorneys failed to appear for deposition on that date and for subsequently noticed April 4, 2024 depositions. *Id*. at 1-2. Plaintiff has since learned that Mr. Dodson is undergoing medical treatment that limits his ability to participate in an oral deposition and argues that Dodson should still be required to participate in discovery just as Plaintiff sat for a deposition while coping with his HIV diagnosis. ECF Nos. 303-1, 304-1 at 1. Alternatively, Plaintiff argues, this matter should be stayed because Dodson is a "key witness in Plaintiff's defenses/affirmative defenses." *Id*. Finally, Plaintiff asserts that he was not served with a copy of the Motion for Protective Order and requests that "all previously sealed documents [be] unsealed." ECF No. 304-2 ¶ 4.

2

Plaintiff filed a Reply in support of his Motion to Compel in which he argues that Intervenors are "obsessed with [his] former attorneys," and states that he has not received copies of Exhibits 3 and 4 to Intervenors' Opposition, hence the court should strike the exhibits and/or provide a copy to him. Plaintiff also contends that he has not been properly served with Intervenors' Opposition Memorandum, and argues that, if roundtrip flights to Poland are so cheap, Intervenors should fly to Poland to be deposed. ECF No 310-1.

In Opposition to Plaintiff's Motion to Compel and in further support of their own Motion for Protective Order, Intervenors argue that Plaintiff did not satisfy the conference requirement of Rule 37 before moving to compel, Intervenors are not avoiding deposition but instead invoking their right to an in person deposition under Rule 30, and Plaintiff's decision to move to Poland during the pendency of this case was voluntary and should not be allowed to excuse him from his litigation obligations. ECF Nos. 306, 313. Intervenors also acknowledge the "general rule… that [a deposition] will occur at the location of the residence of the individual… unless the interests of justice require otherwise." ECF No. 306 at 5 (citing cases).

Intervenors further argue that Plaintiff's request for a stay should be denied given Plaintiff's failure to justify the request and posit that Mr. Dodson's medical treatment does not serve to do so. *Id*. at 6. Should the court permit remote depositions, Intervenors request guidance to ensure there is no remote participation by Shiloh Bentacourt or any other non-admitted attorney. Addressing Plaintiff's request that all previously sealed documents be unsealed, Intervenors take no position on the request other than to note that the request was not made in a properly drafted and noticed motion, this case is under seal pursuant to LA. REV. STAT. 46:1844(W)(1)(b), and Defendant's position on the issue is relevant given that unsealing records in this case would risk disclosure of his personal information on the public docket. ECF No. 313 at 7. As to Plaintiff's

3

assertion that he has not been properly served and cannot access certain documents, Intervenors indicate that they asked Plaintiff if he would accept electronic service of pleadings in this matter, but Plaintiff refused, so Intervenors have been serving Plaintiff via U.S.P.S. pursuant to Rule 5(b). *Id*. at 8 n.13.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 30 governs the taking of depositions.

### A. Location of Deposition

Rule 30(b)(1) of the Federal Rules of Civil Procedure provides that "[a] party who wants to depose a person by oral questions . . . must state the time and place of the deposition." This generally means that the party noticing the deposition may choose the deposition's location.[1] Thus, a party's unilateral choice of location for deposition is subject to entry of a FED. R. CIV. P. 26(c)(2) protective order designating a different place.[2] When a dispute arises about the location of a deposition, the Court has broad discretion to determine the appropriate place for a deposition.[3] Thus, the court maintains authority, upon a showing of good cause, to issue an order to protect a party or person from undue burden or expense, including specifying terms, such as time and place, for discovery. FED. R. CIV. P. 26(c)(1)(B).

---

[1] *Marquette Transp. Co. Gulf-Inland, L.L.C. v. Navigation Mar. Bulgarea*, No. 19-10927, 2020 WL 9396494, at *1 (E.D. La. Feb. 19, 2020) (citing 8A C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2112 at 523).
[2] *Celebration Church, Inc. v. United Nat. Ins. Co.,* No. 14-1050, 2015 WL 13532831, at *2 (citing *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 382 (M.D.N.C.1988) (citing 8A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2112, at 403 (1970))).
[3] *Berthelot v. Andreas Fahl Medizintechnik-Vertrieb GmbH*, 17-2140, 2018 WL 1251657, at *1 (E.D. La. Mar. 12, 2018) (citing *Martin v. Allstate Ins. Co*., 292 F.R.D. 361, 368 (N.D. Tex. 2013)); *Marquette Trans.*, 2020 WL 9396494, at *1 (citations omitted); *Birkland v. Courtyards Guest House*, No. 11-0349, 2011 WL 4738649, at *2 (E.D. La. Oct., 7, 2011); *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp*., 147 F.R.D. 125, 127 (N.D. Tex. 1992).

B. **Deposition by Remote Means**

Federal Rule 30(b)(4) provides the parties may stipulate, or the court may order, that a deposition may be taken by remote means. A party who prefers to take a remote deposition but whose request is opposed by another party may seek a protective order under Rule 26(c) as necessary to protect the party from annoyance, embarrassment, oppression, undue burden or expense.[4]

Determining whether an in-person deposition should be ordered requires a weighing of the benefits and disadvantages to each party presented by such prospect.[5] The party seeking to use deposition by remote means must establish legitimate reason for its request by "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements,"[6] and the party opposing the motion must demonstrate why the deposition should not be conducted remotely.[7] Courts consider the party's (1) age, (2) physical condition, (3) finances, and (4) other factors that might result in extreme hardship in the analysis.[8] "[A]bsent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the deposition of an out-of-town plaintiff be taken telephonically is not warranted."[9]

Courts historically recognize that live testimony is far superior to video or telephone testimony, and counsel's ability to observe a party as he or she answers questions is an important

---

[4] FED. R. CIV. P. 26(c)(1)(A), (C).
[5] *See Gatte v. Lowes Home Ctrs. LLC*, No. 20-00472, 2020 WL 8674185, at *1 (W.D. La. Nov. 30, 2020); *accord Tijerina-Salazar v. Venegas,* No. 19-74, 2021 WL 6011137, at *2 (W.D. Tex. Dec. 20, 2021).
[6] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).
[7] *Abad v. Maxum Petroleum Operating Co.*, 16-0001, 2016 WL 11261306, at *4 (W.D. Tex. Sept. 26, 2016) (citations omitted).
[8] *Birkland*, 2011 WL 4738649, at *3 (citing *Caraway v. Chesapeake Expl., LLC*, 269 F.R.D. 627, 628 (E.D. Tex. 2010); *Srebnik v. Dean*, No. 05–1086, 2006 WL 2331014 (D. Colo. June 20, 2006) (finding evidence of extreme hardship where a seventy two year old man with a history of coronary artery disease who suffered two heart attacks and had triple bypass surgery was required to travel to a different city for a deposition); *Arce–Mendez v. Eagle Produce P'ship, Inc.*, No. 05–3857, WL 811451 (D. Ariz. March 27, 2009) (finding evidence of extreme hardship where the plaintiff had a yearly income of $8,000, which he used to support himself as well as his wife and four children, all of whom were unemployed)).
[9] *Birkland*, 2011 WL 4738649, at *2 (citation omitted).

aspect of discovery that should not be modified except in cases of extreme hardship:[10] "The ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship."[11] Although courts throughout the Fifth Circuit often refused to compel in-person attendance at depositions during the COVID-19 pandemic,[12] that necessity does not relieve the parties of carrying their respective burdens with regard to remote depositions in the absence of COVID lockdowns.

### III. ANALYSIS

#### A. Deposition Location

Plaintiff neither obtained a stipulation nor a court order before noticing remote depositions and, thus, has failed to comply with Rule 30(b)(4). Accordingly, Plaintiff has no basis to complain about any nonappearance in the face of stated objections to the improperly noticed depositions.

To determine whether good cause exists to order remote depositions, the court must weigh the benefits and disadvantages to each party.[13] Plaintiff's sole argument in support of remote depositions is that traveling to New Orleans for in-person depositions would be an "unreasonable burden" on him because he now lives in Poland. In support of their Motion for Protective Order, Dodson and Bergeron represent that remote depositions would allow Plaintiff to receive off-screen coaching and legal advice from attorneys who are not enrolled as counsel of record in this matter, which has allegedly been an issue throughout the litigation. Intervenors also note that, despite his complaint about traveling to New Orleans for in-person depositions, "Plaintiff has demonstrated a willingness and ability to travel extensively" throughout this litigation.

---

[10] *See, e.g., Birkland*, 2011 WL 4738649, at *2 (citing *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203, 2007 WL 608343, at *5-6 (D. Kan. Feb. 22, 2007)); *Thomas v. Wallace, Rush, Schmidt, Inc.*, No. 16-572, 2020 WL 3247380, at *1 (M.D. La. Mar. 18, 2020).
[11] *Birkland*, 2011 WL 4738649, at *2 (citing *Thompson.* 2007 WL 608343, at *5-6).
[12] *Ross v. Dejarnetti*, No. 18-11277, 2020 WL 7495555, at *4 (E.D. La. Dec. 21, 2020); *see also Knuth v. Reg'l Transit Auth. of New Orleans*, No. 20-396, 2020 WL 6742800, at *4 n.22 (E.D. La. Nov. 17, 2020).
[13] *Gatte,* 2020 WL 8674185, at *1.

In balancing the benefits and disadvantages to the parties in this case,[14] the court finds that Plaintiff's recent voluntary relocation to Poland does not, on its own, constitute good cause to order remote depositions. Moreover, unlike other cases in which courts have found good cause to order remote depositions, Plaintiff has not argued that travel to New Orleans for the depositions would jeopardize his health or impose a financial burden.[15] Instead, he conclusorily asserts that in-person depositions would impose an "unreasonable burden" on him given his location. Without more, Plaintiff has not established good cause to conduct Intervenors' depositions by remote means.

Even if Plaintiff had offered more than a bare assertion of unreasonable burden, however, Intervenors' articulated concern that Plaintiff could receive off-screen assistance from unidentified counsel is sufficient to require in-person depositions. Plaintiff's sworn testimony reflects that he has received legal "pointers" from counsel who is not enrolled in this matter.[16] Under the circumstances, Intervenors' desire to observe Plaintiff as he conducts the depositions is reasonable and warrants in-person depositions, particularly absent demonstrated extreme hardship.[17]

### B. <u>Motion to Compel</u>

Plaintiff seeks to compel the depositions of Dodson and Bergeron after both Intervenors allegedly failed to appear for noticed depositions in December 2023 and early April 2024. Plaintiff

---

[14] *See Harrison Cnty. v. Mississippi River Comm'n*, No. 19-986, 2021 WL 12104840 (S.D. Miss Apr. 23, 2021) (quoting *U.S. v. Adams*, 2021 WL 856876. St *1-2 & n.1 (D.S.C. Mar. 8, 2021) (ultimately, courts must "examine whether remote depositions are necessary based on the individual circumstances of the specific participants").
[15] *Compare with Learning Res., Inc. v. Playgo Toys Enter. Ltd*, 335 F.R.D. 536 (N.D. Ill. 2020) (health concerns created by COVID-19 pandemic created good cause for entry of order requiring that deposition take place by remote video conference) *and MGI Digital Tech. S.A. v. Duplo U.S.A.,* No. 22-979, 2023 WL 6814579 (C.D. Cal. Aug. 24, 2023) (quoting *Lopez v. CIT Bank, N.A.,* No. 15-9759, 2015 WL 1037410, at *2 (N.D. Cal. Dec. 18, 2015) (concluding that "a desire to save money constitutes good cause to depose out-of-state witnesses through remote means.").
[16] *See* ECF No. 299-10.
[17] *See, e.g., Birkland*, 2011 WL 4738649, at *2 (citing *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203, 2007 WL 608343, at *5-6 (D. Kan. Feb. 22, 2007)); *Thomas v. Wallace, Rush, Schmidt, Inc.*, No. 16-572, 2020 WL 3247380, at *1 (M.D. La. Mar. 18, 2020).

argues Dodson's medical treatment should not preclude Plaintiff from deposing Dodson in the near future and alternatively argues this matter should be stayed until Dodson's health treatments conclude. Given Plaintiff's failure to issue Rule 30(b)(4) compliant notices of deposition, Intervenors had no obligation to appear for the depositions. Even if the notices were valid, however, the court is not inclined to compel an individual undergoing medical treatment that affects his ability to speak to sit for an oral deposition, particularly when no Scheduling Order is in place at this time and, as such, the parties need not rush to complete discovery before a certain date. Mr. Dodson anticipates that he will be physically able to sit for a deposition in June. Plaintiff may depose him at that time. As for Intervenor Bergeron, Plaintiff may depose her in person after serving a notice of deposition that provides a reasonable amount of time to comply.

C. **Alternative Motion to Stay**

As an alternative to compelling Intervenors' depositions, Plaintiff requests that this matter be stayed because "Intervenor Dobson [sic] is a key witness in Plaintiff's defenses/affirmative defenses." ECF No. 303-1 at 2. Intervenors oppose the stay request, arguing that the parties need time between now and Intervenors' depositions to litigate the issue of any non-admitted' lawyers' communications with the Plaintiff in this matter.[18]

A stay is unnecessary. While Dodson cannot sit for a deposition until June, nothing in the record suggests that the parties cannot conduct other necessary discovery or otherwise progress the matter. Indeed, Dodson himself opposes a stay and expresses a need to litigate certain issues

---

[18] A magistrate judge has authority to address a motion to stay proceedings when the order is not dispositive in that it "merely suspends the proceedings and does not result in an absolute denial of ultimate relief." *State Farm Lloyds v. Four Wives, Ltd.,* No. 22-169, 2023 WL 2625808, at *1-*2 (S.D. Tex. Mar. 24, 2023) (collecting cases). Because Plaintiff seeks a brief stay of "Attorney-Intervenors' claims and all these proceedings" while Dodson undergoes medical treatment, Plaintiff's request for a stay is a "nondispositive matter that concerns docket management, appropriately decided by a magistrate judge subject to a 'clearly erroneous or contrary to law' standard of review.'" *Id*. (citing T*rojan Battery Co. , LLC v. Golf Carts of Cypress, LLC,* No. 21-3075, 2022 WL 970240, at *1 n.1 (S.D. Tex. Mar. 31, 2022) (citing *Weiters v. Vannoy*, No. 16-14945, 2017 WL 736313, at *1 n.1 (E.D. La. Feb. 24, 2017))).

before Plaintiff deposes him.[19]  Plaintiff will have the opportunity to depose Dodson after he completes medical treatment.  This wholly justified, less-than-two-month delay of a single deposition does not warrant a stay of the entire litigation.

### D. Service and Sealing Concerns

On March 21, 2024 Judge Guidry ordered Intervenors to comply with Rule 5(b) by either obtaining Plaintiff's consent to electronic service of filings or serving their filings through one of the methods permitted by the rule.  ECF No. 295.  Intervenors subsequently notified the Court that Plaintiff refused to be served electronically via email.  ECF No. 298.  Plaintiff now asserts that he has not been served with certain of Intervenor's filings or proposed sealed exhibits and therefore requests that the entire record of this proceeding be unsealed.  *See* ECF No. 304-1 at 1.  Intervenors assure the court that they have complied with Judge Guidry's March 21, 2024 Order by serving Plaintiff via U.S.P.S. pursuant to Rule 5(b).

Given Plaintiff's refusal to accept electronic service from Intervenors and his current residence in Poland, Plaintiff has left Intervenors with no alternative but to serve him via mail.  Service via international mail has obvious downsides, including potential delays.  Plaintiff is encouraged to consider the practical limitations of service via mail.  In the interim, Intervenors should formally serve Plaintiff via international mail in accordance with Rule 5(b) but also send him a courtesy copy of all filings via the email address he uses to file documents with the Court's EDSS systems.  Plaintiff's request that "all previously sealed documents… be unsealed" is not appropriately sought via Opposition Memorandum.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

---

[19] ECF No. 306 at 6.

IT IS ORDERED that Plaintiff's Motion to Compel or Stay All Proceedings (ECF No. 303) is DENIED and Intervenors' Motion for Protective Order (ECF No. 299) is DENIED AS MOOT.

New Orleans, Louisiana, this __25th__ day of April, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY VIA E-MAIL ASSOCIATED WITH EDSS FILINGS AND INTERNATIONAL MAIL:**
Plaintiff G.K.