UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| G.K. | * | CIVIL ACTION |
| VERSUS | * | NO. 21-2242 |
| D.M. | * | SECTION "T" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff G.K.'s Motion to Compel In Person Depositions In Poland. ECF No. 329. Intervenors filed an Opposition Memorandum and Plaintiff filed a Reply. ECF Nos. 334, 343. No party requested oral argument, and the Court agrees that oral argument is unnecessary. Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel In Person Depositions in Poland is DENIED for the reasons stated herein.

Plaintiff originally filed suit alleging that Defendant falsely represented his HIV status to induce Plaintiff to engage in unprotected sexual relations and infected him with HIV after a sexual encounter in New Orleans on September 1, 2019. ECF No. 3, ¶¶ 5-13, at 8-9. The court entered a default judgment on November 21, 2023. ECF Nos. 236, 273. Intervenors, as former counsel, filed suit asserting a statutory lien and privilege on any recovery. ECF No. 249. By Order and Reasons dated April 25, 2024, this Court denied Plaintiff's request to stay this matter and held that depositions may proceed in accordance with the Federal Rules of Civil Procedure, with Mr. Dodson's deposition scheduled as his medical treatment allows. ECF No. 325.

1

Plaintiff now contends that he issued notices of deposition in compliance with the April 25, 2024 Order and filed this motion to compel Mr. Dodson and Ms. Bergeron to appear for deposition in Poland.  ECF No. 329.  Plaintiff argues that it would impose a financial burden on him to travel to New Orleans and he is concerned about his health given potential COVID-19 exposure and his HIV status.  ECF No. 329-1 at 1-2.  In opposition, Intervenors argue that the motion should be denied because Plaintiff has not complied with Rule 37 and the proper location for their in-person deposition is in New Orleans, not Poland, which has no connection to the matter, poses significant logistical hurdles, and lacks necessary safeguards to ensure conformity of the deposition with the Federal Rules of Civil Procedure.   ECF No. 334.  In Reply, Plaintiff reiterates the same arguments raised in his original memorandum, with additional detail.  ECF No. 343-1.

This Court has previously rejected Plaintiff's alternative request to proceed with depositions in Poland.  ECF No. 325.  Plaintiff filed suit in this venue and has previously traveled to New Orleans for necessary court matters, including an evidentiary hearing before the undersigned.  ECF No. 103.  Plaintiff's new, conclusory assertions of undue financial burden and health concerns fail to justify reconsideration of my April 25, 2024 decision.  Moreover, Plaintiff's former attorneys are New Orleans-based attorneys, he engaged them to represent him in a New Orleans-based tort matter, and all relevant activities occurred in New Orleans.  The intervenors do not live or work in Poland or have any other connection with that country whatsoever.  Plaintiff's decision to voluntarily move to Poland during the pendency of this proceeding does not justify forcing his two New Orleans-based attorneys to travel to Poland so that he may conduct their depositions in this

fee dispute. If Plaintiff wants to depose Mr. Dodson and Ms. Bergeron, he must conduct those depositions in New Orleans, Louisiana. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel In Person Depositions in Poland (ECF No. 329) is DENIED.

New Orleans, Louisiana, this __5th__ day of June, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY VIA E-MAIL ASSOCIATED WITH EDSS FILINGS AND INTERNATIONAL MAIL:**
Plaintiff G.K.