UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| G.K. | * | CIVIL ACTION |
| VERSUS | * | NO. 21-2242 |
| D.M. | * | SECTION "T" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff G.K.'s Motion for Reconsideration (ECF No. 347) of this Court's June 5, 2024, Order and Reasons (ECF No. 345) denying his Motion to Compel Depositions of Intervenors in Poland (ECF No. 329).

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration.[1] Whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), motions to reconsider "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[2] They are not the proper vehicle for rehashing evidence, legal theories, or arguments.[3] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[4]

Plaintiff requests reconsideration of the court's denial of his request to compel his former attorneys to travel to Poland for deposition. ECF No. 347-1 at 1-2. Plaintiff repeats the argument raised in his Motion to Compel regarding the financial burden and health concerns associated with travel to the United States to depose the intervenors. *Id*. In doing so, Plaintiff has not established that reconsideration is proper. He has not demonstrated, nor even argued, the presence of any

---

[1] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004).
[2] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[3] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).
[4] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).

1

factor warranting reconsideration of a court's order nor does he establish manifest error of law or fact, newly discovered or previously unavailable evidence, manifest injustice, or intervening change in controlling law.  He again cites no basis for this Court's authority to compel New Orleans-based counsel to travel to Poland to submit to deposition in that country in relation to a case proceeding in this district.

Plaintiff's mere disagreement with the court's decision does not warrant reconsideration. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 347) is DENIED.

New Orleans, Louisiana, this \_\_\_17th\_\_\_ day of June, 2024.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE